## ROBERT H. WINIALSKI ET AL.
*vs.*
## ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD

Superior Court        Hartford County        File No. 64814

MEMORANDUM FILED JUNE 30, 1941.

*Alcorn, Bakewell & Alcorn,* of Hartford, for the Plaintiffs.

*Vincent W. Dennis,* Corporation Counsel, and *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Defendant.

SIMPSON, J.   This is an appeal from the granting of permission to one Marshall Molloy to use the premises known as number 240 Tower Avenue, in the City of Hartford, among other things, "for the renting of horses."

No question is raised as to the right of the appellants to take this appeal.

No. 240 Tower Avenue is in a resident zone. Under the zoning regulations of the City of Hartford the keeping of livery and board stables is prohibited in both business and resident zones.

The action of the Zoning Board of Appeals was clearly illegal unless it can be justified as being an extension of a non-conforming use.

A stable upon the premises at 240 Tower Avenue was, for many years, used by Richard J. Goodman, for the purpose of keeping riding horses for the use of himself and wife. It was so used when the zoning ordinances were adopted. The stable was vacant in March, 1939. How long it had been vacant does not appear. In March, 1939, one Josephine E. Cotter and her sister became tenants of the premises. They did not make any use of the premises at once, but later applied for a permit to use the premises as a riding academy and keep horses for instruction in horsemanship. Their application was denied by the Zoning Board of Appeals and on appeal to the Superior Court, on June 24, 1940, a stipulation was filed in this court whereby it was agreed that they should obtain a certificate of occupancy for a riding academy, with the specific restriction that the renting of horses for hire was not to be permitted, and with the further restriction that horses kept for private individuals were not to be rented out for hire, and also that "nothing herein contained shall be held to constitute an aban-donment of the nonconforming use enjoyed by Richard J. Goodman on said premises prior to the adoption of the zoning ordinance of the City of Hartford in 1926, or to be construed as a substitution of a new use in such a way that it constitutes an abandonment of the prior nonconforming use, and that the situation concerning the extent and status of the prior non-conforming use remains the same as it was prior to these pro-ceedings." This stipulation was signed by all the parties, in-cluding adjoining neighbors. The certificate of occupancy was granted July 9, 1940, for occupancy for a riding academy and was granted in accordance with the foregoing stipulation. The Cotters vacated the premises on April 6, 1941, and during their occupancy complied with the stipulation.

Thus it appears that up to the time of the application of

Marshall Molloy the stable had never been used as a place from which horses would be let for hire. "The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities. The continued existence of those which are nonconforming is inconsistent with that object, and it is contemplated that conditions should be reduced to conformity as completely and as speedily as possible with due regard to the special interests of those concerned, and where suppression is not feasible without working substantial injustice, that there shall be accomplished 'the greatest possible amelioration of the offending use which justice to that use permits.' 'The accepted method of accomplishing this result is as follows: The nonconformity is in no case allowed to increase. It is permitted to continue until some change in the premises is contemplated by the owner, when, in so far as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the nonconformity.' " *Thayer vs. Board of Appeals,* 114 Conn. 15, 23.

The Board of Appeals should concern itself, in accordance with the principles above stated, with ultimately reducing nonconforming uses and not an enlargement of them by permitting a new nonconforming use, if substantial justice can thereby be accomplished.

To grant a certificate of occupancy to use the stable in question "for renting horses", is a use which never before existed. It is not an extension of the use for keeping horses for private use, and is contrary to the zoning ordinances. It would be, in the judgment of this court, an opening wedge to the running of a livery stable, not perhaps by the applicant in question, but would be the basis for the further extension of the use by any subsequent tenant or owner of the premises.

No case of hardship, or amelioration, exists, since when the Molloy application was made it appears that he was only contemplating the purchase of the premises, and it does not appear that the premises cannot be used with reasonable results by the owner for other purposes.

The appeal is sustained and the order vacated.