ALEX SIMKO, SR., ET AL. *v.* NICHOLAS D.
LAMORTE, TRUSTEE
(14472)

PETERS, C. J., GLASS, BORDEN, BERDON and SANTANIELLO, Js.

Argued May 6—decision released July 14, 1992

*Charles S. Harris,* with whom was *Arthur B. Harris,* for the appellant (defendant).

*Howard B. Naylor,* for the appellees (plaintiffs).

SANTANIELLO, J. This is an appeal by the defendant, Nicholas D. LaMorte, trustee, from a decision of the

trial court denying his motion to vacate an execution that had been levied upon his trustee account.

The relevant facts are not in dispute. The defendant represented the plaintiffs in a real estate closing. The closing generated proceeds in the amount of $35,000, which were entrusted to the defendant, who placed them in his trustee account. On June 5, 1983, the defendant signed a promissory note, as trustee, under which he was to pay the plaintiffs $35,000 with interest over a five year period. The defendant defaulted on the note, and on June 16, 1989, the plaintiffs commenced this action against the defendant in his capacity as trustee to collect the amount due under the note, plus attorney's fees and costs. On November 16, 1989, the trial court granted the plaintiffs' motion for default for failure to appear, and on September 20, 1990, the trial court rendered judgment against Nicholas D. LaMorte, trustee. Thereafter, the plaintiffs obtained a bank execution against the trustee account of the named judgment debtor, Nicholas LaMorte, trustee. This execution was served on Norwalk Savings Society where the defendant had his trustee account. The bank froze the trustee account and notified the defendant.

The defendant filed a motion to vacate the execution, claiming that the moneys on deposit in the trustee account did not belong to the plaintiffs, but rather were due and payable solely to third parties. After having considered memoranda of law prepared by the parties, the trial court denied the motion to vacate execution.

The defendant appealed to the Appellate Court from the trial court's judgment, claiming that the trial court incorrectly: (1) failed to order a hearing in accordance with General Statutes § 52-356c,[1] and (2) denied his

---

[1] General Statutes § 52-356c provides: "DETERMINATION OF INTERESTS IN DISPUTED PROPERTY. (a) Where a dispute exists between the judgment

motion to vacate execution on the ground that the deposits in the account belonged exclusively to third parties, and not to the plaintiffs. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c), and we now reverse.

debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, the judgment creditor or third person may, within twenty days of service of the execution or upon application by the judgment creditor for a turnover order, make a claim for determination of interests pursuant to this section.

"(b) The claim, which shall constitute the appearance of any third-person claimant, shall be filed with the superior court, on a prescribed form as a supplemental proceeding to the original action. The claim shall contain a description of the property in which an interest is claimed and a statement of the basis for the claim or the nature of the dispute.

"(c) On filing of the claim, the clerk of the court shall assign the matter for hearing on a date certain and order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property.

"(d) Pending the hearing on the claim and subject to further order of the court, any property in dispute shall continue to be held by the person then in possession and shall not be transferred to any person who is not a party to the supplemental proceeding. If previously seized by or delivered to a levying officer, the property shall remain in the custody of the levying officer.

"(e) Unless the judgment creditor waives such rights as he may have to execute against the contested property, the claim shall be deemed controverted and the issues shall be joined without further pleading by any party. The court may permit or require such further pleadings, amendments and notices and may make such further orders as justice or orderly administration requires. Prior to hearing the claim, the court may in its discretion: (1) Require the judgment creditor to post a bond in favor of a third person claimant for any damages which may accrue as a result of the outstanding execution and any subsequent proceedings, (2) on substitution by the third person of a bond as security for the property, allow the third person to obtain release of the property pending determination of the claim, or (3) direct that other known nonexempt property of the judgment debtor first be executed against.

"(f) After hearing, the court shall render judgment determining the respective interests of the parties and may order the disposition of the property or its proceeds in accordance therewith.

"(g) This section does not affect any interest in property of any person who is not a party to a determination pursuant to the provisions of this section."

We first consider whether the trial court should have held a hearing, pursuant to § 52-356c, to determine the respective interests of the plaintiffs and any third parties with deposits in the defendant's trustee account. Section 52-356c provides in pertinent part: "(a) Where a dispute exists between the judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, the judgment creditor or third person may, within twenty days of service of the execution . . . make a claim for determination of interests pursuant to this section." Section 52-356c (b) provides that this claim "shall be filed . . . on a prescribed form as a supplemental proceeding to the original action." Section 52-356c (c) provides that "[o]n filing of the claim, the clerk of the court shall assign the matter for hearing . . . and order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property." Thus, under the statute, "disputes about the validity of a garnishment may be adjudicated in a hearing in supplemental proceedings that are ancillary to the underlying action." *Hospital of St. Raphael* v. *New Haven Savings Bank,* 205 Conn. 604, 607 n.3, 534 A.2d 1189 (1987).

According to the defendant, the trial court should have ordered a hearing pursuant to this statute to determine the respective interests of the third parties and the plaintiffs in the defendant's trustee account. The plaintiffs argue that no such hearing was required because the defendant had not complied with the twenty day requirement of § 52-356c (a), and had not made application on the prescribed form as required by subsection (b). The plaintiffs further argue that this statute has no application to the present case because,

under the statute, only judgment creditors like the plaintiffs or third person claimants may request a hearing.

The court file reveals the following. The defendant attached an affidavit to his motion to vacate execution, which indicated that the money in his trustee account belonged exclusively to third parties and not to the plaintiffs. At oral argument on the motion to vacate, the defendant presented a second affidavit that included the names and addresses of the third parties with deposits in the trustee account. The defendant argued before this court that the reason the second affidavit was filed was to alert the trial court to § 52-356c, because, at that time, the prescribed forms were unavailable at the clerk's office. This contention was emphasized in the defendant's memorandum in support of his motion to vacate, which was prepared at the court's request. This memorandum specifically requested the court to hold a hearing pursuant to General Statutes § 52-356c.[2]

It is clear, therefore, that the statute was brought to the attention of the trial court prior to its ruling denying the motion to vacate. It is equally clear, however, that the request for a hearing was not presented on the prescribed form in a timely manner. On May 23, 1991, the bank execution was signed by an assistant

[2] This memorandum states: "[General Statutes § 52-356c] provides . . . for an application to be filed on behalf of third parties claiming an interest in disputed property on a prescribed form. Inquiry at the Clerk's office of the Superior Court in Stamford established that forms were not available. The statute further provides that the court shall assign the matter for hearing, that notice be given to all persons known to claim an interest in the disputed property and that, after hearing, the Court shall render judgment determining the respective interests of the parties . . . .

"[The court] is bound by [§ 52-356c] and should set the matter for hearing on a date certain, notify all interested parties, including those named in the defendant's affidavits . . . and after hearing, determine their respective interests in said accounts."

clerk of the Superior Court. According to the plaintiffs, the bank execution papers were served on Norwalk Savings Society on May 29, 1991. The defendant was notified of the execution by letter dated May 30, 1991. The defendant took no action until he filed his motion to vacate execution on June 14, 1991. Although this motion was filed within twenty days of service of the execution, we note that the motion itself does not refer to the § 52-356c hearing. We again note, however, that the request for a hearing was made in the defendant's memorandum in support of his motion, which was filed at the request of the trial court.

Under these circumstances, we hold that the trial court should have held a hearing, pursuant to § 52-356c, to determine the respective interests of the plaintiffs and the third parties with deposits in the defendant's trustee account. Our holding is consistent with the equitable nature of the statutory hearing. See 30 Am. Jur. 2d, Executions § 109. We further hold that, although generally the judgment debtor is not a party to the hearing; see 30 Am. Jur. 2d, Executions § 112; in the present case, the defendant, as trustee for third parties with deposits in the account, may request a hearing pursuant to § 52-356c, on behalf of those third parties. In view of this holding, it is unnecessary to consider the defendant's second argument.

The judgment is reversed and the case is remanded with direction to hold the hearing required pursuant to General Statutes § 52-356c.

In this opinion the other justices concurred.