[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO CLAIM FOR EXEMPTION (#105)
The plaintiff, L.A. Gear, Inc., on January 10, 1994, filed a one count complaint seeking to collect an amount due for goods sold to the defendants, Susan Matthews and Laverna McDonald, doing business as Kid's Kastle. The plaintiff received a judgment under Practice Book § 355 on August 4, 1994, and filed a bank execution on September 12, 1994. Matthews filed a claim for exemption dated December 27, 1994. The plaintiff filed an objection to Matthews' claim for exemption on January 23, 1995, and a memorandum in support on February 10, 1995.
Matthews' claimed exemption is that the money direct deposited from the Army Reserves is money entrusted to Rudolfo Matthews by Joy Flynn. Matthews has also indicated that this money is exempt under General Statutes § 52-352b(g) which allows an exemption for veterans' benefits. The plaintiff argues that co-owners of an account are considered owners of the entire account.
The determination of whether an exemption is valid is a factual issue which requires the taking of evidence. People'sBank v. Perkins, 22 Conn. App. 260, 261, 576 A.2d 1313, cert. denied, 216 Conn. 813, 580 A.2d 64 (1990). Matthews has claimed an exemption pursuant to General Statutes § 52-352b(g) for veterans' benefits paid to a third party, Joy Flynn. CT Page 5203
In 38 U.S.C. § 101(2) a "veteran" is defined as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." The term "active military, naval, or air service" is further defined as including "any period of active duty for training. . . ." 38 U.S.C. § 101(24). "Active duty for training" is defined as "full time duty in the Armed Forces performed by Reserves for training purposes. . . ."38 U.S.C. § 101(22)(A). The statement presented, however, denotes the funds as "basic pay." Furthermore, the statement also appears to show that the pay was for unit training assembly on December 3 and 4, 1994. The evidence submitted by Matthews shows that the funds in question were not earned by someone who has been discharged or released from active duty. Accordingly, the exemption claimed by Matthews under General Statutes § 52-352b(g) is not applicable.
Moreover, Matthews' claim that the "money that was direct deposited is entrusted to Rudolfo Matthew from Joy Flynn through the Army Reserves" is not one of the enumerated exemptions under General Statutes § 52-352b. See O'Connell, Flaherty Attmorev. Maratta, 9 CSCR 371 (March 23, 1994, Langenbach, J.) (holding that a judgment debtor has no standing to challenge an execution on the property of another); but see People's Bank v. Atwood,8 Conn. L. Rptr. 562 (April 8, 1993, Klaczak, J.) (determining ownership of funds in the context of a motion to exempt).
The questions regarding ownership of the funds should have been brought pursuant to General Statutes § 52-356c, and by the third party, not the judgment debtor. See Simko v. LaMorte,222 Conn. 793, 610 A.2d 663 (1992); but see Bryant v. Duke TravelService, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 504508 (December 6, 1994, Langenbach, J.) (holding that § 52-356c only applies to property executions and not to bank executions); Schembre v.Eichelberg, 5 Conn. L. Rptr. 736 (November 1, 1991, Axelrod, J.) (holding that § 52-356c was inapplicable to bank executions, but nevertheless, determined the ownership interests on a motion to exempt).
Matthews' motion to exempt is denied and the objection is sustained.
KARAZIN, J. CT Page 5204