**In re ALLEN–MAIN ASSOCIATES LIMITED PARTNERSHIP,**
Alleged Debtor.

**Bankruptcy No. 97–25098.**

United States Bankruptcy Court, D. Connecticut.

Aug. 11, 1998.

George M. Purtill, Purtill, Purtill & Pfeffer, Glastonbury, CT, for Receiver of Rents.

Honor S. Heath, and Ronald E. Lyles, Day, Berry & Howard, Hartford, CT, Robert E. Grossman, and Schuyler G. Carroll, Backenroth & Grossman, LLP, c/o Honor S. Heath, Day, Berry & Howard, Hartford, CT, for CC Britain Equities, L.L.C.

Howard L. Siegel, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for Alleged Debtor.

### RULING ON MOTION FOR DETERMINATION OF INTERESTS PURSUANT TO CONN.GEN.STAT. § 52–356c

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

The matter before the court was commenced by a pleading entitled "Motion For Determination of Interest" (the "motion") filed by George M. Purtill, a state-court receiver of rents ("the Receiver") appointed in a mortgage-foreclosure action. The foreclosure action involves a mortgage and non-recourse mortgage note held by CC Britain Equities, L.L.C. ("CC Britain") on realty owned by Allen–Main Associates Limited Partnership ("Allen–Main"), an entity against which CC Britain had filed an involuntary bankruptcy petition. This court, on March 2, 1998, dismissed the involuntary petition on Allen–Main's motion because CC Britain, the sole petitioner, held no unsecured debt. Following an appeal by CC Britain, the Bankruptcy Appellate Panel of the Second Circuit, on July 27, 1998, affirmed the dismissal. On April 23, 1998, this court, pursuant to Bankruptcy Code § 393(i)(1), awarded Allen–Main $13,320.56 in costs and attorney's fees. CC Britain appealed such award without seeking a stay of the ruling.

Allen–Main, on May 7, 1998, served on the Receiver a writ of execution obtained from the Clerk of the Bankruptcy Court (the "execution"), based upon the April 23, 1998 judgment. The Receiver, on June 10, 1998, filed the instant motion requesting that "this court make a determination of the entitlement in and to the funds which the Receiver of Rents holds for the benefit of CC Britain Equities

LLC."[1] *Motion* at 3. The motion states that a Hartford County Deputy Sheriff served the execution on the Receiver and that a sheriff "is not authorized to serve Federal Court Judgment Executions" under the holding of *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17 (2d Cir.1995). *Motion* at 2. The motion further asserts that the Receiver holds funds to be paid to CC Britain monthly, and CC Britain has requested him not to respond to the execution.

The court, on June 30, 1998, held a hearing on the Receiver's motion, at which time CC Britain filed its initial response. The Receiver orally advised the court that since filing his motion he had been served with an execution by a U.S. Marshal.[2] After colloquy among the court, the Receiver, counsel for CC Britain, and counsel for Allen–Main, the court requested that the parties brief the issues CC Britain asserted it was raising, in addition to the issue the Receiver's motion presented. No party proffered testimony or submitted affidavits during the hearing. CC Britain filed a supplemental response on July 17, 1998, and Allen–Main, on July 23, 1998, filed a reply to CC Britain's initial and supplemental responses.

## II.

CC Britain's initial response asserted that (1) Allen–Main had made fraudulent transfers to insiders on August 4, 1997 and October 10, 1997, for $25,000 and $26,286.30, respectively, making Allen–Main personally liable for such amounts, and (2) CC Britain had sent notice to Allen–Main of an election to set off any final judgment for costs and

---

1. Bankruptcy Rule 7069, which makes Fed. R.Civ.P. 69 applicable in bankruptcy proceedings, provides that, in general, the law of the state in which the federal court is located governs remedies for satisfaction of judgments. Fed.R.Bankr.P. 7069; Fed.R.Civ.P. 69.

Section § 52–356c of the Connecticut General Statutes provides:
(a) Where a dispute exists between the judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, the judgment creditor or third person may, within twenty days of service of the execution or upon application by the judgment creditor for a turnover order, make a claim for determination of interests pursuant to this section.
(b) The claim, which shall constitute the appearance of any third-person claimant, shall be filed with the superior court, on a prescribed form as a supplemental proceeding to the original action. The claim shall contain a description of the property in which an interest is claimed and a statement of the basis for the claim or of the nature of the dispute.
(c) On filing of the claim, the clerk of the court shall assign the matter for hearing on a date certain and order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property.
(d) Pending the hearing on the claim and subject to further order of the court, any property in dispute shall continue to be held by the person then in possession and shall not be transferred to any person who is not a party to the supplemental proceeding. If previously seized by or delivered to a levying officer, the property shall remain in the custody of the levying officer.

(e) Unless the judgment creditor waives such rights as he may have to execute against the contested property, the claim shall be deemed controverted and the issues shall be joined without further pleading by any party. The court may permit or require such further pleadings, amendments and notices and may make such further orders as justice or orderly administration requires. Prior to hearing the claim, the court may in its discretion: (1) Require the judgment creditor to post a bond in favor of a third person claimant for any damages which may accrue as a result of the outstanding execution and any subsequent proceedings, (2) on substitution by the third person of a bond as security for the property, allow the third person to obtain release of the property pending determination of the claim, or (3) direct that other known nonexempt property of the judgment debtor first be executed against.
(f) After hearing, the court shall render judgment determining the respective interests of the parties and may order the disposition of the property or its proceeds in accordance therewith.
(g) This section does not affect any interest in property of any person who is not a party to a determination pursuant to the provisions of this section.
CONN.GEN STAT ANN. § 52–356c (West 1991 & Supp.1998).

2. The Receiver also orally stated that the motion was brought pursuant to § 52–356c of the Connecticut General Statutes. The appearing parties agreed with this representation. The motion makes no reference to this statute and the motion was not brought within twenty days of the service by the sheriff of the execution. *See* CONN. GEN.STAT.ANN § 52–356c(a) (West 1991 & Supp. 1998).

attorney's fees against the claim resulting from the alleged fraudulent transfers. In its supplemental response, CC Britain asserted that (1) Allen–Main failed to serve a copy of the execution personally upon CC Britain, (2) Allen–Main improperly served the execution prior to the determination of CC Britain's timely-filed appeal, and (3) "the Receiver is a public officer and therefore, may not [sic] subject to any execution." *Supplemental Response* at 2. CC Britain requested that the court either order the monies held by the Receiver be paid to CC Britain, or, in the alternative, order that the Receiver continue to hold them in escrow.

Allen–Main's reply contends that (1) the initial service of the execution by a sheriff, as well as the subsequent service by the U.S. Marshal, was appropriate, (2) CC Britain has not established any right of setoff, and, in any event, the fraudulent transfer claim is contested, contingent and unliquidated and thus not a proper setoff, (3) CC Britain's claim of lack of personal service of the execution is baseless, (4) federal law does not require Allen–Main to await the determination of the appeal prior to serving an execution, and (5) a receiver of rents is not a state employee and is a person upon whom an execution may be served.

Inasmuch as the question raised by CC Britain whether a receiver of rents is subject to garnishment is dispositive, the court will address only that issue.[3]

### III.

■ No published Connecticut rulings directly address the propriety of garnisheeing a court-appointed receiver of rents. However, it is well settled under Connecticut decisional law that a receiver of rents is an officer of the court appointing such receiver. Monies that come into a receiver's possession are not the monies of the mortgagee, but monies in the custody of the court. *See, e.g. Hartford Federal Savings and Loan Assoc. v. Tucker,* 196 Conn. 172, 178, 491 A.2d 1084

(1985), *cert. denied,* 474 U.S. 920, 106 S.Ct. 250, 88 L.E.2d 258 (1985) ("A receiver is an officer of the court appointed on behalf of all who may establish an interest in property. The receiver holds the property as an arm of the court and his possession is not that of the mortgagee....A receiver may also be subject to suit, but only with the permission of the court." (internal quotation marks and citations omitted.))

■ Connecticut courts have held that neither Connecticut statutory law nor Connecticut common law permit garnishment of court officers. *See Air One, Inc. v. Ronning,* 1990 WL 283824, at *1 (Conn.Super.Ct.1990) (holding that sovereign immunity protected the clerk of the court, who held funds of a defendant, from garnishment. "[R]ights of garnishment or foreign attachment derive solely from statute. C.G.S. Chapter 905.... [The statute] never mentions a right against the state ..."); *Morgan v. Schmid,* 27 Conn.Supp. 481, 481, 244 A.2d 824 (Conn. C.P.1965) (holding that funds held by the clerk of the court are not subject to garnishment, because "[p]ublic officers having money in their hands to which certain individuals are entitled are not liable to the creditors of those individuals in the process of foreign attachment. Officers in the execution of public duties are not to be embarrassed and perplexed with this process. It would involve them in perpetual difficulty and disputes, and expose them to the expense, the inconvenience and hazard incident to this process." (Internal quotation marks and citations omitted.))

In light of these rulings by Connecticut courts, this court is satisfied, and so holds, that under Connecticut law the Receiver cannot respond to the executions served on him on behalf of Allen–Main for a judgment debt due from CC Britain.

### IV.

### CONCLUSION

■ Under Conn.Gen.Stat. § 52–356c "disputes about the validity of a garnishment

---

**3.** The court notes that, although an evidentiary record is not necessary for this ruling, many of CC Britain's and Allen–Main's assertions require such a record, and none was created in this proceeding. See *United States v. Etsitty,* 130 F.3d 420, 425 (9th Cir.1997) ("In the absence of factual support in the record, assertions made in briefs simply do not suffice."); *In re MacDonald,* 222 B.R. 69, 72–73 (Bankr.E.D.Pa.1998) ("[L]egally- trained counsel should be well aware of the impropriety of submitting 'evidence' not offered at trial as an exhibit to a brief.")

may be adjudicated in a hearing in supplemental proceedings that are ancillary to the underlying action." *Hosp. of St. Raphael v. New Haven Sav. Bank*, 205 Conn. 604, 607 n. 3, 534 A.2d 1189 (1987). Procedures not in complete compliance with the statute may not be dispositive in light of the "equitable nature of the statutory hearing." *Simko v. LaMorte*, 222 Conn. 793, 798, 610 A.2d 663 (1992). In accordance with the conclusions that the court reached in section III of this memorandum, the executions served upon the Receiver must be, and hereby are, dissolved. It is

SO ORDERED.