## PEOPLE'S BANK *v.* MARJORIE PERKINS
## (8325)

BORDEN, FOTI and LAVERY, Js.

Argued February 27—decision released July 3, 1990

*David M. Stanwicks,* for the appellant (plaintiff).

*Marjorie Perkins,* pro se, the appellee (defendant).

LAVERY, J. The plaintiff bank appeals from the trial court's order dissolving, on the satisfaction of a certain condition, the execution of a judgment on the defendant's bank accounts. The plaintiff claims that the trial court should not have dissolved the execution of judgment without first finding that the funds in ques-

tion were exempt from execution under General Statutes § 52-352b.[1] We reverse the judgment of the trial court.

The following facts are pertinent to this appeal. The plaintiff, People's Bank, filed an action in May, 1988, alleging that the defendant failed to make payments due pursuant to a "Visa" credit card agreement. On December 7, 1988, the trial court rendered a default judgment in favor of the plaintiff in the amount of $5187.46, and ordered the defendant to make weekly payments of $10. The defendant made only a few of the weekly payments. On April 19, 1989, the plaintiff applied for a bank execution pursuant to General Statutes § 52-367b (a). Five days later, the court issued the execution, which was served on the Gateway Bank in Newtown. The plaintiff then levied on the defendant's two checking accounts and a savings account.

The defendant, citing various statutory bases,[2] claimed an exemption from execution against the two checking accounts. The matter was heard on August 11, 1989. The plaintiff's attorney explained her client's position but offered no testimony or evidence, and the trial court did not ask whether the plaintiff was prepared to present any testimony or documentary evidence.

The defendant, acting pro se, did not take the stand, but told the court the reasons for the missed payments. The court asked the defendant what it would take to bring the payments up to date. The defendant stated

[1] General Statutes § 52-352b lists the categories of property exempted from execution under § 52-353. The defendant claimed that a portion of the money in one of the accounts was exempt under § 52-352b (e) as health and disability insurance payments.

[2] The defendant claimed that one checking account was exempt in the amount of $764 under General Statutes § 52-361a; the other checking account was claimed to be exempt in the amount of $872.35 under General Statutes §§ 52-352b (e) and 52-361a.

that she had missed the payments from April through July. The court then ruled on the motion, ordering that "upon a payment of $500 lump sum within the next five days to be worked out, the motion to exempt is granted, otherwise it remains in full force and effect." This appeal followed.

The plaintiff claims that the trial court should not have dissolved the execution of judgment on the defendant's bank accounts without first determining whether the funds were exempt under General Statutes §§ 52-352b and 52-353. The defendant, pursuant to Practice Book § 4013, presented alternate grounds on which the trial court's decision could be affirmed, namely, (1) that the trial court correctly granted the defendant's motion to exempt because the plaintiff failed to refute the prima facie evidence of the defendant's exemption claim, and (2) that the plaintiff failed to comply with General Statutes § 52-356 (d) in pursuit of the execution. We address the plaintiff's claim first.

Section 52-367b[3] governs the execution against debts due from banks. Once a judgment debtor claims an exemption from execution pursuant to § 52-367b (e), the court must schedule a short calendar hearing on

---

[3] General Statutes § 52-367b provides in pertinent part: "(a) EXEMPT DEBTS. Execution may be granted pursuant to this section against any debts due from any banking institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by sections 52-352a, 52-352b, 52-352c, of the general statutes revised to 1983, 52-354 of the general statutes revised to 1983, 52-361 of the general statutes revised to 1983 and section 52-361a, as well as any other laws or regulations of this state or of the United States which exempt such debts from execution.

* * *

"(e) CLAIM OF EXEMPTION. To prevent the banking institution from paying the serving officer, as provided in subsection (h) of this section, the judgment debtor shall give notice of a claim of exemption by delivering to the banking institution, by mail or other means, the exemption claim form or other written notice that an exemption is being claimed. The banking institution may designate an address to which the notice of a claim of exemp-

the exemption claim. The exemption claim filed by the debtor is considered prima facie evidence that the claimed exemption exists. General Statutes § 52-367b (f). The court, after conducting this hearing, must decide whether the exemption claim is meritorious; General Statutes § 52-367b (i); and, if so, whether all or only part of the money deposited in the subject account is exempt. General Statutes § 52-367b (j).

In the present case, the court heard argument from the parties, but heard no sworn testimony and received no evidence. The court had before it a disputed issue of fact, namely, whether the defendant's claimed exemption was valid. The determination of such a factual issue requires the taking of evidence; *Land Enterprises* v. *Dorman,* 17 Conn. App. 4, 11, 549 A.2d 672 (1988); not merely the presentation of legal argument

tion shall be delivered. Upon receipt of such notice, the banking institution shall, within two business days, send a copy of such notice to the clerk of the court which issued the execution.

"(f) HEARING. Upon receipt of an exemption claim form, the clerk of the court shall enter the appearance of the judgment debtor with the address set forth in the exemption claim form. The clerk shall forthwith send file-stamped copies of the form to the judgment creditor and judgment debtor with a notice stating that the disputed assets are being held for twenty days from the date the exemption claim form was received by the banking institution and the clerk shall automatically schedule the matter for a short calendar hearing. The claim of exemption filed by such debtor shall be prima facie evidence at such hearing of the existence of the exemption.

\* \* \*

"(i) COURT ORDER. The court, after a hearing conducted pursuant to subsection (f) of this section, shall enter an order determining the issues raised by the claim of exemption. Such order shall be deemed to be a final judgment for the purposes of appeal. No appeal shall be taken except within seven days of the rendering of the order. The order of the court may be implemented during such seven-day period, unless stayed by the court.

"(j) DETERMINATION OF EXEMPT MONEYS. If both exempt and nonexempt moneys have been deposited into an account, for the purposes of determining which moneys are exempt under this section, the moneys most recently deposited as of the time the execution is levied shall be deemed to be the moneys remaining in the account."

by the parties or their counsel. Even if the plaintiff was unprepared to present evidence at the hearing, in which event the court would have had before it only the "prima facie" evidence of the defendant's exemption claim, the court, before seeking to fashion relief, failed to make any determination of the principal factual issue, namely, the validity of the defendant's exemption claims.

The court was required to enter an order determining the issues raised by the defendant's exemption claim. General Statutes § 52-367b (i). It did not make any such determination. The very nature of the relief fashioned by the court indicates that it reached no concrete conclusion on whether the defendant's bank accounts were exempt from execution. The court ordered the executions dissolved, provided that the defendant paid the plaintiff $500 within five days of the order. Had the court reached a conclusion on the exemption issue, such an order would have been logically impossible, because the court cannot permit execution against bank accounts or portions thereof that it has found to be exempt; General Statutes § 52-367b (a); and there is nothing in the statute allowing the court to condition the execution against nonexempt accounts upon the debtor's failure to pay a court ordered sum by a certain date.

The defendant claims that the judgment should be upheld because the court had before it the prima facie evidence of the exemption claim, which, in the absence of rebuttal evidence offered by the plaintiff, was sufficient to sustain the trial court's decision. This argument is unsatisfactory because it fails to address the other flaws in the proceeding: the court's failure to take evidence from the plaintiff and its failure to decide the exemption claim.

The defendant's remaining ground for affirming the trial court is without merit.

The judgment is reversed and the case is remanded for a new hearing on the defendant's exemption claims.

In this opinion the other judges concurred.