[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CLAIM OF EXEMPTION
The matter comes before the court on a claim of exemption filed by the defendant Catalina relating to a certain post CT Page 6441 judgment levy of a property execution on the First Federal Bank. The execution issued pursuant to an application from the plaintiff. The execution itself was not put before the court, since the original was still lodged with the bank. The defendant was obligated by prior court orders to pay alimony of $25.00 per week and child support of $100.00. At the time the execution reached the assets of the defendant's bank account, it contained $627.00. Only $125.00 was then earmarked for alimony.
 Section 52-367b governs the execution against debts due from banks. Once a judgment debtor claims an exemption from execution pursuant to § 52-367b (e), the court must schedule a short calendar hearing on the exemption claim. The exemption claim filed by the debtor is considered prima facie evidence that the claimed exemption exists. General Statutes § 52-367b
(f). The court, after conducting this hearing, must decide whether the exemption claim is meritorious; General Statutes § 52-367b (i); and, if so, whether all or only part of the money deposited in the subject account is exempt. General Statutes § 52-367b (j).
(Footnotes omitted.) People's Bank v. Perkins, 22 Conn. App. 260,262-63, 576 A.2d 1313 (1990). "General Statutes § 52-352b
lists the categories of property exempted from execution under § 52-353." Id., 262 n. 1. General Statutes § 52-352b(h) provides an exemption from execution for "court approved payment for child support." The validity of the defendant's claimed exemption depends upon the meaning of the term "payment" used by General Statutes § 52-352b.
Subsections (d) and (e) of § 52-367b of the General Statutes providing for a convenient way to assert exemptions where a creditor levies an execution on a debtor's bank account was enacted by the General Assembly in response to the holding of the U.S. District Court for Connecticut in the case of Moralesc. Lucas. Morales ruled that the then bank execution statute was unconstitutional because it lacked a convenient statutory means of asserting exemptions. Both Morales and Philpott v.Essex County Welfare Board, 400 U.S. 321, 93 S.Ct. 500 (1973) involved exempt source funds received by the judgment debtor. It is clear to the court that the 1983 amendments to the statute were therefore intended to deal with such situations.
"Payment," as used by § 52-352b, means amounts received by CT Page 6442 the judgment debtor, from exempt sources rather than amounts not yet disbursed but intended to be disbursed by the debtor from non exempt sources to another for an exempt purpose enumerated in the statute. The statute provides, in relevant part, as follows:
 The following property of any natural person shall be exempt:
. . .
 (d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;
(e) Health and disability insurance payments;
 (g) Workers' compensation, social security, veterans and unemployment benefits;
(h) Court approved payments for child support;
. . .
 (m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a;
In the above quoted subsections, the term payment is used to refer to monies actually paid to and received by a judgment debtor from the statutorily exempt enumerated sources, not monies derived from nonexempt sources not yet paid for exempt purposes. There is no statutory exemption listed for monies from a nonexempt source merely earmarked by the judgment debtor to pay child support payments or alimony. The defendant's exemption claim does not have any statutory authority. The motion for exemption is denied.
FLYNN, J.