[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 13, 2000, the court entered judgment for the plaintiff to recover $6808.12 from the defendant and ordered the defendant to make weekly payments of $25.00 to the plaintiff in satisfaction of the judgment. On May 22, 2002, the defendant filed an application for a bank execution. On June 19, 2002, People's Bank notified the defendant that it was removing $1208.00 from his checking account pursuant to the execution. On June 24, 2002, the defendant signed an exemption claim form under oath, asserting that money in his account was exempt from execution because it contained "retirement benefits from U.S. Navy." The bank mailed the form to the court.
The matter came before the court on September 9, 2002, at which time the defendant appeared and repeated his claim for exemption. The plaintiff did not appear. The issue is whether money in a bank account that would otherwise be exempt from execution loses such status if it is are mingled with nonexempt funds.
Pursuant to General Statutes § 52-350f, which applies to postjudgment procedures, "[a] money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a,52-352b. . . . The money judgment may be enforced, by execution. . . ." According to General Statutes § 52-352a, "[f]or the purposes of this section and sections 52-352b . . . the following terms shall have the following meanings . . . (c) `Exempt' means, unless otherwise specified, not subject to any form of process or court order for the purpose of debt collection." General Statutes § 52-352b provides, "[t]he following property of any natural person shall be exempt . . . (g) Worker's compensation, social security, veterans and unemployment benefits."
As amended by Public Act No. 01-196 § 1, General Statutes §52-367b (1), which governs bank executions against individual debtors, provides: " (a) Execution may be granted pursuant to this section against CT Page 12359 any debts due from any banking institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by sections . . . 52-352b . . . of the general statutes. . . . (c) If any such banking institution upon which execution is served and upon which such demand is make is indebted to the judgment debtor, it shall remove from the debtor's account the amount of such indebtedness not exceeding the amount due on such execution. . . . Notwithstanding the provisions of the subsection, if electronic direct deposits that are readily identifiable as exempt federal veteran's benefits . . . including, but not limited to . . . retirement . . . benefits . . . were made to the judgment debtor's account during the thirty-day period preceding the date that the execution was served on the banking institution, then a banking institution shall leave the lesser of the account balance or eight hundred dollars in the judgment debtor's account. . . . Nothing in this subsection shall alter the exempt status of funds which are exempt from execution under subsection (a) of this section or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption. . . . (e) To prevent the banking institution from paying the serving officer . . . the judgment debtor shall give notice of a claim of exemption by delivering to the banking institution . . . the exemption claim form. . . . Upon receipt of such notice, the banking institution shall, within two business days, send a copy of such notice to the clerk of the court which issued the execution. . . . (f) (1) Upon receipt of an exemption claim form the clerk of the court . . . shall automatically schedule the matter for a short calendar hearing. The claim of exemption filed by such debtor shall be prima facie evidence at such hearing of the existence of the exemption. . . . (i) The court, after a hearing conducted pursuant to subsection (f) of this section, shall enter an order determining the issues raised by the claim of exemption. . . . (j) If both exempt and nonexempt moneys have been deposited into an account, for the purposes of determining which moneys are exempt under this section, the moneys most recently deposited as of the time the execution is levied shall be deemed to be the moneys remaining in the account. . . . (r) For purposes of this subsection, `exempt' shall have the same meaning as in subsection (c) of section 52-352a. . . ." (Emphasis added.)
Thus, Public Act No. 01-196 provides that money that is exempt from execution does not necessarily lose its exempt status if a judgment debtors mingles it in an account with nonexempt funds. Indeed, the statute specifically addresses ways in which the court can determine which of the funds in an account are exempt. As observed supra, the judgment debtor's claim of exemption is itself prima facie evidence that the exemption is valid. Section 52-367b (1) (f). In addition, according to subsection (f) (2) of § 52-367b (1), in cases involving CT Page 12360 identifiably exempt direct deposits, the judgment creditor has the burden of providing the court with evidence that an account also contains nonexempt funds and the amount thereof. "The court, after conducting this hearing, must decide whether the exemption claim is meritorious . . . and if so, whether all or only part of the money deposited in the subject account is exempt." People's Bank v. Perkins, 22 Conn. App. 260, 263,576 A.2d 1313, cert. denied, 216 Conn. 813, 580 A.2d 58 (1990).
Here, however, the plaintiff failed to attend the hearing and, therefore, did not rebut the validity of the exemption or provide evidence that the account also contained nonexempt funds. Accordingly, the court goes no further than to sustain the validity of the exemption.
BY THE COURT
Bruce L. Levin Judge of the Superior Court
CT Page 12361