******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WILLIAM THOMAS CLARK ET AL. *v.* QUANTITATIVE STRATEGIES GROUP, LLC, ET AL.
(AC 45956)

Suarez, Clark and Prescott, Js.

*Syllabus*

The defendant judgment debtor, B, appealed to this court from the judgment of the trial court denying his claim that certain bank accounts were exempt from execution pursuant to statute ((Supp. 2022) § 52-367b) because the plaintiff judgment creditors executed on accounts that did not belong to him but, rather, belonged to his mother, J. The plaintiffs had obtained an arbitration award against B arising from a default on a loan, and the award was confirmed by the United States District Court for the Southern District of New York. The plaintiffs then domesticated the judgment in the Superior Court. After the trial court granted an application for a bank execution to satisfy the domesticated judgment, the plaintiffs served the execution on T Co., a bank, which identified two bank accounts on which B was listed as an account owner along with J and his sister. In his claim of exemption, B did not identify any of the statutory bases for an exemption set forth in § 52-367b or on the form prescribed by the Judicial Branch pursuant to § 52-367b (k). Instead, B indicated on his claim of exemption form that the basis of his claim was "[o]ther" and included a handwritten notation stating "[f]unds in these accounts are not my property." Following a hearing, the court denied B's claim of exemption. *Held* that the trial court did not improperly find that the accounts at issue were joint accounts and were not exempt from execution under § 52-367b, the court having correctly concluded that B's asserted exemption was not recognized or enumerated under § 52-367b: although B purported to claim an exemption under § 52-367b, specifically, that the funds in the accounts were not his but, instead, belonged solely to J, both the plain language of § 52-367b and case law make clear that the only cognizable exemptions are those provided for by that statute or any other laws or regulations of this state or the United States which exempt such debts from execution; moreover, although B noted in a supplemental brief to this court that he had filed a claim in the trial court for determination of interests pursuant to statute (§ 52-356c), that claim was neither pursued by B nor adjudicated by the trial court, and, because only a judgment creditor or a third person may make a claim for determination of interests pursuant to § 52-356c, not a judgment debtor, unless acting in a representative capacity for an appropriate third party with an alleged interest in the subject property, and B lacked any legal capacity to act on J's behalf, he was not authorized by statute to challenge T Co.'s determination that he was a co-owner of the accounts by pursuing a claim for determination of interests.

Argued October 16, 2023—officially released March 12, 2024

*Procedural History*

Action to enforce a domesticated judgment, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Baio, J.*, denied the motion for exemption from execution filed by the defendant John A. Brunjes et al., and the defendant John A. Brunjes et al. appealed to this court. *Affirmed.*

*Paul R. Fenaroli*, with whom, on the brief, were *Joseph M. Pastore III*, and *Melissa Rose McClammy*, for the appellant (defendant John A. Brunjes et al.).

*Linda Clifford Hadley*, for the appellees (plaintiffs).

*Opinion*

CLARK, J. In this appeal from postjudgment proceedings to obtain satisfaction of a domesticated judgment arising from an arbitration award, the defendant judgment debtor John A. Brunjes[1] appeals from the judgment of the trial court denying his claim of exemption filed pursuant to General Statutes (Supp. 2022) § 52-367b[2] claiming that the plaintiff judgment creditors, William Thomas Clark and TDA Construction, Inc., executed on bank accounts that did not belong to him but, rather, belonged to his mother, Josephine M. Brunjes. On appeal, the defendant claims that the court improperly found that he was a co-owner of the bank accounts at issue and that they were not exempt from execution under § 52-367b. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On November 5, 2019, the plaintiffs obtained an arbitration award against the defendant arising from a default on a loan. On December 2, 2020, the United States District Court for the Southern District of New York confirmed the award (SDNY judgment). See *Clark* v. *QMG Global Holdings, LLC*, United States District Court, Docket No. 7:17-cv-07233 (KMK) (S.D.N.Y. December 2, 2020). On November 2, 2021, the plaintiffs domesticated the SDNY judgment pursuant to General Statutes § 52-605.[3] Thereafter, on January 10, 2022, the plaintiffs applied for a bank execution to satisfy the domesticated judgment against the defendant. The court granted the application and issued an execution on February 17, 2022. After the court granted the application, the plaintiffs served the execution on TD Bank. TD Bank identified two bank accounts (accounts) on which the defendant was listed as an account owner along with his mother and his sister. Having identified those two accounts, which held a combined total of $214,501.46, TD Bank subsequently "froze" the accounts and gave notice to the defendant pursuant to § 52-367b (d).[4]

On June 30, 2022, the defendant filed a claim of exemption pursuant to § 52-367b (e).[5] In his claim of exemption, however, the defendant did not identify any of the statutory bases for an exemption set forth in § 52-367b (a)[6] or on the form prescribed by the Judicial Branch pursuant to § 52-367b (k).[7] Instead, the defendant indicated on his claim of exemption form that the basis of his claim was "[o]ther" and included a handwritten notation stating "[f]unds in these accounts are not my property."

Thereafter, on October 13, 2022, the court held an evidentiary hearing pursuant to § 52-367b (f) (1)[8] to consider the defendant's claim of exemption. At that hearing, the defendant claimed that the accounts belonged to his mother, that he had no ownership inter-

est in them, and that he had no intent to become an owner of the accounts. Following the hearing and the submission of posttrial briefs, the court, *Baio, J.*, issued a memorandum of decision dated October 26, 2022, denying the defendant's claim of exemption. The court found that (1) the accounts were joint bank accounts, (2) the defendant was a co-owner on those accounts, and (3) the funds within those accounts were not exempt from execution. The court further concluded that the defendant had not identified an exemption provided for by statute.

In the court's memorandum of decision, it stated: "The defendant does not dispute that the law permits the execution on joint accounts. He argues, rather, that this account is not a joint account. He submits that he is not an 'owner' of the account, the funds belong to his mother, and he has neither contributed to the funds nor exercised dominion or control over the funds. Hence, the issue is whether the account at issue is a joint account. The defendant maintains that it was never his intention to claim ownership of this account.

"The problem for the defendant is that despite his intentions or desires, that does not change the nature of the account at issue. It also bears noting that the defendant is not an unsophisticated consumer who might be challenged in reading the bank forms. By his own testimony . . . he is a college and law school graduate . . . .

"Through the evidence submitted by the defendant, all three named individuals, the defendant, his sister, and their mother, are named as owners on the account. Each has the authority to make transactions on the account. . . . Even though the defendant testified that he had made no withdrawals, it is undisputed that he could have done so if he so chose.

"The bank form adding the defendant to the account expressly lists the defendant as an account owner. . . . The plaintiff correctly points out the express language on the form under the caption 'important information,' which provides that by signing the form, the defendant acknowledges that he is an account owner. The evidence establishes that the account at issue is a joint account, and there has been no evidence presented that the account funds are exempt from execution under the statute. To hold otherwise would be to improperly create an exemption not otherwise provided by statute. Cf. *Pac* v. *Altham*, 49 Conn. App. 503, 508–509, 714 A.2d 716 (1998). The defendant's claim of exemption is denied." (Citations omitted; footnote omitted.) This appeal followed.

On appeal, the defendant claims that the court improperly found that the accounts at issue were joint accounts and, therefore, were not exempt from execution under § 52-367b. Specifically, the defendant argues

that the funds held in the accounts are exempt from execution because they belong solely to his mother. He also claims that the court erred in determining that the burden of proof to establish the basis for the claimed exemption under § 52-367b did not shift to the plaintiffs once he filed his claim of exemption because such filing constituted prima facie evidence that the funds are exempt from execution. We disagree because, as the trial court correctly concluded, the defendant's asserted exemption is not a claim of exemption that he is entitled to assert under § 52-367b.

We begin with our standard of review and an overview of the pertinent statutory provisions. Because the defendant's claim on appeal rests on the meaning and application of § 52-367b, our review is plenary. See *Marchesi* v. *Board of Selectmen*, 309 Conn. 608, 614, 72 A.3d 394 (2013) ("[i]ssues of statutory construction raise questions of law, over which we exercise plenary review" (internal quotation marks omitted)). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *TLOA of CT, LLC* v. *Taipe*, 220 Conn. App. 667, 673–74, 300 A.3d 647, cert. granted, 348 Conn. 923, 304 A.3d 443 (2023). Accordingly, we begin by examining § 52-367b.

Pursuant to General Statutes (Supp. 2022) § 52-367b (a), "[e]xecution may be granted . . . against any debts due from any financial institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by sections 52-352a, 52-352b, 52-352c of the general statutes, revision of 1958, revised to 1983, 52-354 of the general statutes, revision of 1958, revised to 1983, 52-361 of the general statutes, revision of 1958, revised to 1983 and section 52-361a, as well as by any other laws or regulations of this state or of the United States which exempt such debts from execution." Section 52-367b (c) (1) provides in relevant part: "[I]f any such financial institution upon which such execution is served and upon which such demand is made is indebted to the judgment debtor, the financial institution shall remove from the judgment debtor's account the amount of such indebtedness not exceeding the amount due on such execution . . . ." General Statutes (Supp. 2022) § 52-367b (c) (1). If a financial institution removes funds from a judgment debtor's account,

it must provide proper notice to the judgment debtor and any secured party. General Statutes (Supp. 2022) § 52-367b (d).

A judgment debtor, upon belief that debts are exempt from execution, may file a claim of exemption pursuant to § 52-367b (e) by filing form JD-CV-24A, titled "Exemption Claim Form Financial Institution Execution."[9] Section 4 of this form, titled "Affidavit of Claim of Exemption Established by Law," states: "I, the judgment debtor named above, claim and certify under the penalty of false statement that the money in the above account is exempt by law from execution as follows . . . ." The form then provides a checklist of the most common statutory exemptions and includes an "[o]ther" option with space to explain the legal basis for the claim of exemption.

Once a judgment debtor claims an exemption from execution pursuant to § 52-367b (e), the court must schedule a hearing on the exemption claim. The exemption claim filed by the debtor is considered prima facie evidence that the claimed exemption exists. See General Statutes (Supp. 2022) § 52-367b (f). The court, after conducting this hearing, must decide whether the exemption claim is meritorious; see General Statutes (Supp. 2022) § 52-367b (i); and, if so, whether all or only part of the money deposited in the subject account is exempt. See General Statutes (Supp. 2022) § 52-367b (j); see also *Pac* v. *Altham*, supra, 49 Conn. App. 507.

In the present case, the defendant purported to claim an exemption not recognized or enumerated under § 52-367b—specifically, that the funds in the accounts were not his but, instead, belonged solely to his mother. Both the plain language of § 52-367b and our case law, however, make clear that the only cognizable exemptions are those provided for by that statute. Section 52-367b (a) plainly and unambiguously states that the judgment debtor is only permitted to assert exemptions set forth by statute or "any other *laws or regulations* of this state or of the United States which exempt such debts from execution." (Emphasis added.) General Statutes (Supp. 2022) § 52-367b (a).

Indeed, this court previously has held that a judgment debtor may assert only those exemptions set forth in § 52-367b (a). See *Pac* v. *Altham*, supra, 49 Conn. App. 508. In *Pac*, the plaintiff, after obtaining a judgment against the defendant, applied for and received a bank execution, which, at a later hearing on the defendant's claim of exemption, was found to be untimely served and therefore, void. Id., 504–505. In the interim, the plaintiff had applied for and received a second bank execution to levy the defendant's funds, and the defendant filed another exemption claim form, this time asserting that the funds were exempt from execution because they had been improperly removed from the account by virtue of the first untimely served execution.

Id., 505. Following a hearing on the second execution, the court ruled that the funds were exempt from execution because, but for the fact that the funds had been removed improperly under the first execution, the funds would have been available to the defendant to withdraw and would not have been available for execution at the time the second execution was served. Id.

On appeal to this court, the plaintiff argued that the trial court improperly recognized and applied an exemption not provided for by statute. Id., 504. This court agreed with the plaintiff and reversed the judgment of the trial court, explaining that "the trial court improperly created an exemption not otherwise provided by statute. . . . Specifically, the trial court found that the entire account was exempt from execution because of the proceedings related to the service of the first execution, which was untimely and therefore improper. This exemption is not provided for in the General Statutes. To the contrary, General Statutes § 52-352b sets forth the list of statutory exemptions. We conclude that the trial court's exemption is not provided for by statute, and, accordingly, the judgment should be reversed." (Citation omitted; footnote omitted.) Id., 508–509.

Here, as in *Pac*, the defendant's claimed exemption is not among the exemptions recognized and enumerated under § 52-367b (a). As a result, the trial court properly concluded that the defendant's claim of exemption failed because "[t]o hold otherwise would be to improperly create an exemption not otherwise provided by statute."

Nevertheless, in his supplemental brief to this court,[10] the defendant notes for the first time that he also filed in the trial court a claim for determination of interests pursuant to General Statutes § 52-356c. That statute provides in relevant part that: "Where a dispute exists between the judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, *the judgment creditor or third person may*, within twenty days of service of the execution or upon application by the judgment creditor for a turnover order, make a claim for determination of interests pursuant to this section. . . ." (Emphasis added.) General Statutes § 52-356c (a).

Section 52-356c (b), in turn, provides that such claim "shall be filed with the Superior Court, on a prescribed form as a supplemental proceeding to the original action. . . ." Section 52-356c (c) further provides that, "[o]n filing of the claim, the clerk of the court shall assign the matter for hearing . . . and order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property."

Although the record in the trial court reveals that the

defendant filed a claim for determination of interests in this case, that claim was neither pursued by the defendant nor adjudicated by the court. Instead, the defendant's sole claim before the court was that the funds were exempt from execution pursuant to § 52-367b (a). Indeed, that is the only claim the defendant has raised in this appeal.

More fundamentally, only a judgment creditor or a third person may make a claim for determination of interests pursuant to § 52-356c (a). Judgment debtors, unless acting in a representative capacity for an appropriate third party with an alleged interest in the subject property, may not file a claim for determination of interests under § 52-356c. See *Simko* v. *LaMorte*, 222 Conn. 793, 798, 610 A.2d 663 (1992) ("although generally the judgment debtor is not a party to the hearing [pursuant to § 52-356c] . . . in the present case, the defendant, as trustee for third parties with deposits in the account, may request a hearing pursuant to § 52-356c, on behalf of those third parties" (citation omitted)). Consequently, and because the defendant in this case lacked any legal capacity to act on his mother's behalf, he was not authorized by statute to challenge TD Bank's determination that he was a co-owner of the accounts by pursuing a claim for determination of interests pursuant to § 52-356c.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiffs, William Thomas Clark and TDA Construction, Inc., brought the underlying action in federal court against QMG Global Holdings, LLC, Quantitative Strategies Group, LLC, QMG Founders I, LLC, QMG Investors, L.P., John A. Brunjes, individually and in his capacity as trustee of the John W. Brunjes Estate Trust, and Josephine M. Brunjes as defendants. See *Clark* v. *QMG Global Holdings, LLC*, United States District Court, Docket No. 7:17-cv-07233 (KMK). The plaintiffs named Quantitative Strategies Group, LLC, QMG Founders I, LLC, QMG Investors, L.P., and John A. Brunjes, individually and in his capacity as trustee of the John W. Brunjes Estate Trust in this state court proceeding. The only defendant participating in the present appeal is John A. Brunjes, individually and in his capacity as trustee of the John W. Brunjes Estate Trust. Accordingly, all references to the defendant in this opinion are to John A. Brunjes only.

[2] All references herein to § 52-367b are to the version of the statute in the 2022 Supplement to the General Statutes.

[3] General Statutes § 52-605 provides in relevant part: "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor.

"(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner. . . ."

[4] General Statutes (Supp. 2022) § 52-367b (d) provides: "**Notice to judgment debtor and secured party.** If any funds are removed from the judgment debtor's account pursuant to subsection (c) of this section, upon receipt of the execution and exemption claim form from the serving officer, the financial institution shall (1) forthwith mail copies thereof, postage prepaid, to the judgment debtor and to any secured party that is party to a control agreement between the financial institution and such secured

party under article 9 of title 42a at the last-known address of the judgment debtor and of any such secured party with respect to the affected accounts on the records of the financial institution, and (2) mail notice to the judgment debtor as required by 31 CFR 212.6 and 212.7. The financial institution shall hold the amount removed from the judgment debtor's account pursuant to subsection (c) of this section for fifteen days from the date of the mailing to the judgment debtor and any such secured party, and during such period shall not pay the serving officer.''

[5] General Statutes (Supp. 2022) § 52-367b (e) provides: "**Claim of exemption and claim of prior perfected security interest.** To prevent the financial institution from paying the serving officer, as provided in subsection (h) of this section, the judgment debtor shall give notice of a claim of exemption by delivering to the financial institution, by mail or other means, the exemption claim form or other written notice that an exemption is being claimed and any such secured party shall give notice of its claim of a prior perfected security interest in such deposit account by delivering to the financial institution, by mail or other means, written notice thereof. The financial institution may designate an address to which the notice of a claim of exemption, or a secured party claim notice, shall be delivered. Upon receipt of such notice, the financial institution shall, within two business days, send a copy of such notice to the clerk of the court which issued the execution.''

[6] General Statutes (Supp. 2022) § 52-367b (a) provides: "**Exempt debts.** Execution may be granted pursuant to this section against any debts due from any financial institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by sections 52-352a, 52-352b, 52-352c of the general statutes, revision of 1958, revised to 1983, 52-354 of the general statutes, revision of 1958, revised to 1983, 52-361 of the general statutes, revision of 1958, revised to 1983 and section 52-361a, as well as by any other laws or regulations of this state or of the United States which exempt such debts from execution.''

[7] General Statutes (Supp. 2022) § 52-367b (k) provides: "**Forms.** The execution, exemption claim form and clerk's notice regarding the filing of a claim of exemption shall be in such form as prescribed by the judges of the Superior Court or their designee. The exemption claim form shall be dated and include a checklist and description of the most common exemptions, instructions on the manner of claiming the exemptions and a space for the judgment debtor to certify those exemptions claimed under penalty of false statement.''

[8] General Statutes (Supp. 2022) § 52-367b (f) (1), titled "**Hearing**,'' provides: "Upon receipt of an exemption claim form or a secured party claim notice, the clerk of the court shall enter the appearance of the judgment debtor or such secured party with the address set forth in the exemption claim form or secured party claim notice. The clerk shall forthwith send file-stamped copies of the exemption claim form or secured party claim notice to the judgment creditor and judgment debtor with a notice stating that the disputed funds are being held for forty-five days from the date the exemption claim form or secured party claim notice was received by the financial institution or until a court order is entered regarding the disposition of the funds, whichever occurs earlier, and the clerk shall promptly schedule the matter for a hearing. The claim of exemption filed by such judgment debtor shall be prima facie evidence at such hearing of the existence of the exemption.''

[9] General Statutes (Supp. 2022) § 52-367b (e) provides in relevant part: "To prevent the financial institution from paying the serving officer, as provided in subsection (h) of this section, the judgment debtor shall give notice of a claim of exemption by delivering to the financial institution, by mail or other means, the exemption claim form or other written notice that an exemption is being claimed and any such secured party shall give notice of its claim of a prior perfected security interest in such deposit account by delivering to the financial institution, by mail or other means, written notice thereof. . . . Upon receipt of such notice, the financial institution shall, within two business days, send a copy of such notice to the clerk of the court which issued the execution.''

Form JD-CV-24A can be found on the Judicial Branch website. See Official Court Webforms, Form JD-CV-24A, available at https://www.jud.ct.gov/webforms/forms/CV024A.pdf (last visited March 4, 2024).

[10] At oral argument before this court, both parties were questioned as to whether the defendant had standing to argue that the money in the accounts belongs solely to his mother even though he is not her legal representative.

On November 16, 2023, following oral argument, we ordered the parties to file simultaneous supplemental briefs on that issue. The plaintiffs and the defendant complied with the court's order by filing briefs on December 21 and 22, 2023, respectively.

[11] Although we need not reach the issue in light of our conclusion that the defendant failed to assert a valid exemption, we also conclude that the trial court's finding that the defendant was a co-owner on the accounts was not clearly erroneous, irrespective of whether the court applied the correct burden of proof. See *Maye* v. *Canady*, 214 Conn. App. 455, 460, 280 A.3d 1270 ("It is well established that [o]ur review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.)), cert. denied, 345 Conn. 919, 284 A.3d 627 (2022).

In his brief to this court, the defendant argues that he had no intention of becoming a joint owner on his mother's account. However, despite the defendant's claimed intention, the evidence presented clearly demonstrated that the defendant signed a form indicating that he was to be added as a co-owner of the accounts. Indeed, the trial court found "[t]he bank form adding the defendant to the account expressly lists the defendant as an account owner. . . . The plaintiff correctly points out the express language on the form under the caption 'important information,' which provides that by signing the form, the defendant acknowledges that he is an account owner. The evidence establishes that the account at issue is a joint account . . . ." (Citation omitted; footnote omitted.) Moreover, our case law is clear that joint accounts can be executed upon in their entirety even when only one co-owner is the judgment debtor. *Fleet Bank Connecticut*, *N.A.* v. *Carillo*, 240 Conn. 343, 352, 691 A.2d 1068 (1997) (holding that in cases of joint bank accounts, "each coholder of a joint account . . . has a sufficient property interest [in the account] to permit a judgment creditor to exercise a bank execution, pursuant to § 52-367b, against the entire account" (emphasis omitted)); see also *Masotti* v. *Bristol Savings Bank*, 232 Conn. 172, 173–75, 653 A.2d 179 (1995) (adopting holding of trial court that coholders of joint account have sufficient ownership interests in account so that creditor of any one coholder may exercise setoff rights against account in its entirety).