## HOUSING AUTHORITY OF THE TOWN OF EAST HARTFORD *v.* MAYRA MORALES
### (AC 21321)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 27, 2001

*Ralph J. Alexander* filed a brief for the appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff in this summary process action, the housing authority of the town of East Hartford, appeals from the trial court's judgment of possession. The plaintiff claims that the court improperly ordered (1) a stay of execution of the judgment, and (2) use and occupancy payments in an improper amount. We affirm the judgment of the trial court.[1]

The following facts and procedural history are relevant to the plaintiff's appeal. In April, 1998, the parties entered into a lease agreement whereby the defendant, Mayra Morales, leased from the plaintiff a unit at one of the plaintiff's public housing complexes in East Hartford. The complex is a section eight housing project[2]

---

[1] Because the defendant failed to file an appellate brief or to otherwise defend the appeal with proper diligence, on April 25, 2001, we ordered that the appeal be considered on the basis of the plaintiff's brief and the record only. See *Pac* v. *Altham*, 49 Conn. App. 503, 506–507, 714 A.2d 716 (1998); see also Practice Book § 85-1.

[2] Section eight of the National Housing Act, 42 U.S.C. § 1437f, provides rental subsidies for low income persons.

and is subject to federal regulation. The lease agreement provided for monthly rental payments that could be periodically adjusted through a recertification procedure governed by a regulatory scheme.

In June, 2000, the defendant failed to pay her rent. On or about June 13, 2000, the plaintiff served the defendant with notice to quit possession of the unit by June 27, 2000. The defendant failed to quit possession, and on July 12, 2000, the plaintiff instituted summary process proceedings against her. The defendant admitted all of the allegations in the plaintiff's complaint and did not put forth any defenses. After a short trial on October 16, 2000, the court found for the plaintiff and rendered a judgment of possession. The court ordered a stay of execution to November 15, 2000, and ordered the defendant to remit a monthly use and occupancy payment of $72 by October 25, 2000, and to contact the plaintiff to recertify the monthly rental payment by October 20, 2000.

The plaintiff first claims that the court improperly ordered the stay of execution because it did not follow the procedure set forth in General Statutes § 47a-37 and because the circumstances did not warrant a stay. We decline to review those claims because they have been improperly presented for resolution on appeal.

Pursuant to Practice Book § 61-14, "[t]he sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. . . ." "Issues regarding a stay of execution cannot be raised on direct appeal." (Internal quotation marks omitted.) *Santoro* v. *Santoro*, 33 Conn. App. 839, 841, 639 A.2d 1044 (1994). Practice Book § 66-6 requires that "[m]otions for review . . . be filed within ten days from the issuance of notice of the order sought to be reviewed. . . ." Because the plaintiff did

not file a motion for review, it is precluded from challenging the court's stay order.

The plaintiff also claims that the court improperly ordered the defendant to remit a use and occupancy payment for the stay period in the amount of $72 per month. The plaintiff argues that the court ordered an arbitrary amount rather than $518, the amount requested by the plaintiff.

General Statutes § 47a-26b provides in relevant part that the court in a summary process action shall order "payments for use and occupancy in an amount equal to the last agreed-upon rent or, in the absence of a prior agreed-upon rent, in an amount equal to the fair rental value of the premises during the pendency of such action accruing from the date of such order. . . ." In determining the amount of the use and occupancy payment, therefore, the court looked to the amounts previously agreed on by the parties. "Whether and in what terms parties have undertaken a contractual commitment are questions of fact, the determination of which by the trial court may be overturned on appeal only if the trial court's determinations are clearly erroneous." *Hoye* v. *DeWolfe Co.*, 61 Conn. App. 558, 561, 764 A.2d 1269 (2001).

At trial, the only evidence submitted on that matter was a "transaction history" showing the various amounts at which the defendant's rental payments had been set since the inception of the lease agreement. The court noted that for the majority of the rental period, the payments remained fairly consistent, in the range of $25 to $72 monthly. Shortly before her default, the defendant had secured temporary employment and, on the basis of that fact, her rent was scheduled to be increased to $251. At the time of default, the defendant was again unemployed.

The plaintiff argued to the court that, pursuant to the federal regulations governing section eight housing, when the defendant did not contact the plaintiff for a required recertification of her monthly rental payment, the plaintiff was authorized to increase her rental payment unilaterally to an amount considered to be the fair rental value for the unit. The plaintiff argued further that the court was obligated to honor that figure for purposes of determining the use and occupancy payment pursuant to § 47a-26b. We disagree.

The plaintiff did not provide the court with any of the regulations governing rental payment determination in section eight housing or with any specific explanation of how those regulations were applied to arrive at the proposed rental figure of $518. Furthermore, the plaintiff did not offer any evidence to show that the detailed procedural and notice requirements outlined in the regulations had been satisfied to obtain a rental payment that was adjusted properly. Given the paucity of proof in that regard, we cannot say that the court's decision to set the use and occupancy payment at $72, an amount that previously had been agreed on by the parties as monthly rent, was clearly erroneous.

The judgment is affirmed.