NANCY BURTON *v.* AMERICAN LAWYER
MEDIA, INC., ET AL.
(AC 23759)

Dranginis, DiPentima and Stoughton, Js.

Argued February 26—officially released May 25, 2004

*Nancy Burton,* pro se, the appellant (plaintiff).

*Lorin L. Reisner,* pro hac vice, with whom were *John B. Nolan* and, on the brief, *Erik C. Bierbauer,* pro hac vice, for the appellees (defendants).

*Opinion*

DiPENTIMA, J. In this appeal from the judgment rendered in a defamation action, we address the privilege of fair reporting. The plaintiff, Nancy Burton, appeals from the judgment of the trial court rendered on the granting of the motion for summary judgment filed by the defendants, American Lawyer Media, Inc., its affiliates, the New York Law Journal and the Connecticut Law Tribune, LLC, and a reporter, Mark Hamblett. On appeal, the plaintiff claims that it was improper for the court to grant the defendants' motion for summary judgment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. On December 26, 2001, the plaintiff filed a five count amended complaint against the defendants. The complaint alleged defamation, invasion of privacy, intentional and negligent infliction of emotional distress, and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The action finds its basis in an article written by Hamblett while reporting on a judicial decision from the United States District Court for the Southern District of New York that

imposed sanctions against the plaintiff. The plaintiff claimed that the article contained a number of falsehoods and misrepresentations, all of which resulted in injury to both her practice of law and her reputation.

In January, 2002, the defendants filed a motion for summary judgment on the ground that the article and all of the challenged statements were fairly derived from the decision of the District Court and were, therefore, not actionable as a matter of law. On August 16, 2002, the court rendered summary judgment in favor of the defendants. The court found that a "careful reading of the defendants' article about [the federal judge's] decision when compared to the decision itself indicates that each and every statement challenged by the plaintiff reports a statement in the decision itself with substantial accuracy . . . . The defendants have merely reported on a judicial decision which may not have been complimentary to the plaintiff, and no statement in the article has been found which is not fairly derived from the decision." The court continued, stating that "[a]dditional claims by the plaintiff that the headlines used in the story were false and defamatory, or that the defendants had a duty to include exculpatory statements in the article or to examine the record in the case before writing the article, either have no foundation in law or are without merit." The plaintiff filed a motion for reargument that was denied by the court. This appeal followed.

The plaintiff claims that the court improperly granted the defendants' motion for summary judgment. Specifically, she argues that the fair reporting privilege does not protect the defendants' article because the privilege does not extend to the reporting of libelous per se defamatory matter.[1] We disagree.

---

[1] "Libel per se . . . is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages." (Internal quotation marks omitted.) *Lega Siciliana Social Club, Inc.* v. *St. Germaine*, 77 Conn. App. 846, 852, 825 A.2d 827, cert. denied, 267 Conn. 901, 838 A.2d 210 (2003).

Our review of a trial court's decision to grant a motion for summary judgment is well settled. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

The existence of a false and defamatory statement is a prerequisite to a party's prevailing in a case for libel. *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 316, 477 A.2d 1005 (1984). At oral argument, the defendants conceded that defamatory matter was published. They assert that as a matter of law, the published matter is not actionable because it is protected by the fair reporting privilege.

Even when there is a defamatory statement, "[t]he publication of defamatory matter concerning another

in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." 3 Restatement (Second), Torts, Report of Official Proceeding or Public Meeting, § 611, p. 297 (1977); see also *Wang* v. *Frankl*, Superior Court, judicial district of New Haven, Docket No. 391493 (October 18, 1999) (publication of public proceeding, record thereof privileged as long as report is fair, accurate representation of event). According to the comments to § 611, the basis of the privilege is the public's "interest . . . in having information made available to it as to what occurs in official proceedings and public meetings. . . ." 3 Restatement (Second), supra, § 611, comment (a), p. 297.

If the report is accurate or a fair abridgment of the proceeding, an action cannot constitutionally be maintained for defamation. Id., comment (b), p. 298. The fair reporting privilege, however, is a conditional privilege. It protects parties from defamation claims when they publish information that is based on governmental proceedings. The privilege exists even though the publisher himself does not believe the defamatory words he reports to be true, and even when he knows them to be false and even if they are libel per se. Abuse of the privilege takes place, therefore, when the publisher does not give a fair and accurate report of the proceeding. Id., comment (a), p. 298. In Connecticut, a conditional privilege, such as fair reporting, will be defeated if the defendant acted with malice. *Bleich* v. *Ortiz*, 196 Conn. 498, 504, 493 A.2d 236 (1985). There was no allegation or showing of malice in the present case. Generally, the determination of whether the contents of a newspaper article are privileged as fair reporting is an issue of law. Cf. *Goodrich* v. *Waterbury Republic-American, Inc.*, 188 Conn. 107, 110–11, 448 A.2d 1317

(1982) (determination of whether contents of article are privileged as fair comment is question of law). Whether the privilege has been lost because of abuse is a question *normally* for the jury. *Hogan* v. *New York Times Co.*, 313 F.2d 354, 356–57 (2d Cir. 1963).

The plaintiff raises three interrelated issues to challenge the court's judgment. She argues that the judgment was improper because (1) the court failed to undertake the requisite analysis of the proceedings, (2) the report itself was inaccurate, one-sided, incomplete and unfair, and (3) the reporter failed to conduct an investigation before writing the article. We address each issue in turn.

I

The plaintiff argues that the court failed to consider all of the circumstances surrounding the statements. Specifically, she claims that the court acted improperly by comparing only the articles in question with the judicial decision. We disagree.

In this case, after comparing the articles in question to the judicial decision, the court concluded that the articles were substantially accurate reports of the decision. We agree that the articles were substantially accurate reports of the decisions. We also conclude as a matter of law that the headline was a fair representation of the article. As such, the articles were privileged and not actionable as a matter of law. The plaintiff argues that the court should have considered all of the factors surrounding the articles. The application of the fair reporting privilege, however, requires only that the articles be substantially accurate reports on a governmental action. Because the court concluded, and we agree, that the articles were substantially accurate, the plaintiff's argument fails. There was no need for the court to go beyond the words of the articles and the judicial decision.

## II

The plaintiff next argues that the fair reporting privilege does not protect the defendants because the article was inaccurate, unfair, incomplete and one-sided. We disagree. Comment (f) to § 611 of the Restatement (Second) of Torts clarifies that the fair reporting privilege "requires the report to be accurate. It is not necessary that it be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings." 3 Restatement (Second), supra, § 611, comment (f), p. 300; see also *Schiavone Construction Co.* v. *Time, Inc.*, 847 F.2d 1069, 1087–88 (3d Cir. 1988). Although it is unnecessary that the report be exhaustive and complete, it is necessary that nothing be omitted or misplaced in such a manner as to convey an erroneous impression. 3 Restatement (Second), supra, § 611, comment (f), p. 300. The accuracy required is to the proceedings, not to the objective truth of the defamatory charges. *Mathis* v. *Philadelphia Newspapers, Inc.*, 455 F. Sup. 406, 417 (E.D. Pa. 1978).

Here, a review of the articles in question, the judicial decision and the citations claimed by the plaintiff leads this court to conclude that the trial court correctly found that the articles are protected by the fair reporting privilege. The majority of the statements complained of by the plaintiff were direct quotations from the decision. As to statements that were not direct quotations, a passage from our Supreme Court in *Strada* v. *Connecticut Newspapers, Inc.*, supra, 193 Conn. 313, is instructive. The *Strada* court stated that "[a]ny deviations from or embellishments upon the information obtained from the primary sources relied upon were minuscule and can be attributed to the leeway afforded an author who attempts to recount and popularize an . . . event. . . . The author's job is not simply to copy statements verba-

tim, but to interpret and rework them into the whole. . . . A fussy insistence upon literal accuracy would condemn the press to an arid, desiccated recital of bare facts." (Citations omitted; internal quotation marks omitted.) Id., 320–21. The pertinent issue in this case is whether the articles represented a substantially accurate account of the judicial decision. Because we conclude that they did, the plaintiff's argument fails.

## III

The plaintiff finally argues that the reporter failed to conduct an impartial investigation before writing the article. In particular, she claims that the reporter improperly failed to review the court file or to contact her directly before writing the article. The reporter had no duty to do so.

The plaintiff cites *Naantaanbuu* v. *Abernathy*, 816 F. Sup. 218 (S.D.N.Y. 1993), in support of her argument that Hamblett should have conducted an investigation prior to writing the article. *Naantaanbuu* lends no support to that assertion. In *Naantaanbuu*, after determining that the defendants did not have to conduct further investigation into the facts relied on for a book, the court rendered summary judgment in favor of the defendants. Id., 227. Furthermore, in *Goodrich* v. *Waterbury Republican-American, Inc.*, supra, 188 Conn. 107, our Supreme Court found that a reporter's "failure to interview the plaintiff personally" did not support a claim for defamation. Id., 124. Again, under the fair reporting privilege, the only question for the court was whether the particular articles at issue represented substantially accurate reports of the decision of the District Court. See, e.g., *Ortega* v. *Post-Newsweek Stations, Florida, Inc.*, 510 So. 2d 972, 976–77 (Fla. App.) (rendering summary judgment in favor of television station on fair reporting grounds and holding press has no duty to go behind statements made at official proceedings to

determine accuracy before releasing them), review denied, 518 So. 2d 1277 (Fla. 1987). As a consequence, the plaintiff's final argument fails.

The judgment is affirmed.

In this opinion the other judges concurred.