## JANCIS L. FULLER *v.* THE DAY PUBLISHING COMPANY ET AL.
### (AC 25228)

Schaller, Harper and Peters, Js.

Argued February 17—officially released May 24, 2005

*Jancis L. Fuller*, pro se, the appellant (plaintiff).

*Thomas W. Boyce, Jr.*, with whom, on the brief, was *Jennifer Antognini-O'Neill*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Jancis L. Fuller, appeals from the summary judgment rendered by the trial court in favor of the defendants, all of whom are associated with The Day, a newspaper of general circulation in eastern Connecticut.[1] The plaintiff claims that the court improperly concluded, as a matter of law, that the defendants acted under a qualified privilege when they published articles related to her criminal trial and that the defendants acted without actual malice. We affirm the judgment of the trial court.

---

[1] The plaintiff brought this action against The Day Publishing Company as well as four of its employees: Reid MacCluggage, Lance Johnson, Stan DeCoster and Izaskun Larraneta. It is not in dispute that, at all times relevant, MacCluggage was the chief executive officer of The Day Publishing Company, Johnson was the managing editor of The Day, and DeCoster and Larraneta were news reporters for The Day.

By means of a twenty-five count amended complaint, the plaintiff brought claims sounding in libel per se, invasion of privacy, negligent infliction of emotional distress and intentional infliction of emotional distress against each of the defendants. She also sought to recover from each of the defendants damages for violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. All of the causes of action were based on the publication of articles in The Day by the defendants, concerning the plaintiff and her conviction, following a jury trial, of two counts of attempt to commit assault in the first degree and one count of carrying a pistol or revolver on her person without a permit. The plaintiff alleged that the articles, which included photographs of her and a sketch of her, inaccurately depicted her "as a mentally ill and dangerous person who had committed an attempted assault with a firearm . . . ."

The plaintiff, referring to ten statements in particular, alleged that the articles were "defamatory, false, malicious, fraudulent and/or published in wanton and reckless disregard of the truth in that [they] contained numerous false and/or misleading statements of fact concerning [her]." The plaintiff further alleged that the defendants "knew or should have known" that the articles were false and libelous and that their publication would cause her damages. The plaintiff also alleged that the defendants had placed her "in a false light before the public and invaded her right to be left alone . . . ." In addition, she alleged that the defendants failed to conduct adequate research and that the publication "resulted from an intentional, wilful and wanton conduct" by the defendants in that they knew or should have known that she was innocent of the crimes with which she was charged and convicted and that she "[was] not and never was a mentally ill and dangerous person . . . ."

The plaintiff alleged that, as a result of the publication, she suffered damages related to, among other things, her reputation in the community, her future ability to secure employment, her credit and her ability to obtain an early release from prison. She also alleged that the publication caused her "shame, embarrassment and great emotional distress."

The defendants filed a motion for summary judgment arguing, primarily, that the information published "was a true and accurate republication of [the plaintiff's] prior criminal proceedings" and that they, as members of the press, were "privileged to publish such articles." The defendants further argued that no genuine issues of material fact existed with regard to the facts underlying the plaintiff's claims and that, as a matter of law, they were entitled to judgment in their favor.

The court issued a memorandum of decision granting summary judgment. The court concluded that the evidence permitted no finding other than that the libelous statements of which the plaintiff complained were components of fair and accurate reporting of the plaintiff's criminal trial. Further, the court concluded that the plaintiff, having "voluntarily injected herself into the limelight by committing a crime," invited public comment related to her criminal trial. The court concluded that the plaintiff had failed to submit any relevant evidence demonstrating that the defendants had acted with actual malice. Having concluded that the defendants had met their burden of proving that no genuine issues of material fact existed with regard to whether the articles constituted a "truthful and accurate summary" of the plaintiff's trial and comment related thereto, the court concluded that the defendants were entitled to judgment on the plaintiff's libel claims and to judgment on the remaining counts of the plaintiff's complaint, which were based on the same conduct.

"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Homecomings Financial Network, Inc.* v. *Starbala*, 85 Conn. App. 284, 290, 857 A.2d 366 (2004).

The defendants submitted, among other evidence, a written memorandum of decision issued by a judge of the Superior Court during the plaintiff's criminal trial, as well as this court's opinion affirming the plaintiff's conviction. *State* v. *Fuller*, 56 Conn. App. 592, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000). The plaintiff submitted, among other evidence, transcripts from a hearing concerning the issue of her competency. The plaintiff's mental health, as well as her criminal conduct, clearly were issues in the criminal trial.

Our review of the evidence, as well as our careful examination of the newspaper articles in their entirety, permits no reasonable conclusion other than that the publications of which the plaintiff complains constituted fair and accurate reporting and commentary related to her criminal trial, a matter of public interest. The plaintiff has failed to demonstrate the existence of any issue of material fact related to the allegedly libelous statements of which she complains.[2] Further, on

---

[2] We likewise conclude that the plaintiff failed to demonstrate that a genuine issue of material fact existed concerning her allegation that the defendants acted with actual malice. The defendants submitted evidence that the opinions and the information about the plaintiff's criminal trial

the basis of the evidence, we conclude, as a matter of law, that the defendants acted under a qualified privilege and were thereby immune from liability. See *Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 117, 121, 448 A.2d 1317 (1982) (opinion privileged as fair comment where facts upon which it is based are truly stated or privileged and where comment is recognizable statement of opinion); *Burton* v. *American Lawyer Media, Inc.*, 83 Conn. App. 134, 137–38, 847 A.2d 1115 (fair and accurate representations of public proceedings privileged), cert. denied, 270 Conn. 914, 853 A.2d 526 (2004); *Miles* v. *Perry*, 11 Conn. App. 584, 595, 529 A.2d 199 (1987) ("[t]he privilege of fair comment is a common law qualified privilege arising out of an occasion to express an opinion or otherwise comment on matters of public interest"). Accordingly, the court properly rendered judgment in the defendants' favor.[3]

The judgment is affirmed.

expressed in the articles were accurately based on court records, interviews with persons associated with the plaintiff's trial and the opinions of persons with knowledge of the trial and the issues subsumed therein. The plaintiff failed to rebut this evidence with any relevant evidence.

[3] The plaintiff properly argues that the court, in its memorandum of decision, improperly stated that certain of the statements on which the plaintiff based her causes of action were made by "defense attorneys that were involved in the plaintiff's criminal proceedings." The articles clearly indicate that the challenged statements were made by attorneys who were not associated with the trial. The court's misstatement, however, was of no consequence to its analysis. It is obvious from the court's analysis that it deemed the content of the statements of opinion published, and not their source, to be dispositive.