## CAROLYN LITTLE *v.* YALE UNIVERSITY
### (AC 25816)

Bishop, DiPentima and Gruendel, Js.

Submitted on briefs September 27—officially released November 8, 2005

*John R. Williams* filed a brief for the appellant (plaintiff).

*Patrick M. Noonan* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Carolyn Little, appeals from the summary judgment rendered in favor of the defendant, Yale University. On appeal, the plaintiff claims that several genuine issues of material fact existed, and, therefore, the court improperly granted the defendant's motion for summary judgment. We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff commenced the present action on March 22, 1999, and filed a revised four count complaint on August 19, 1999. Counts one and two alleged claims of breach of contract, count three claimed that the defendant violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and count four set forth a cause of action for intentional infliction of emotional distress. The defendant had been a graduate student in a master's program at the Yale Divinity School, a branch of the defendant. While enrolled, the plaintiff suffered an injury to her right hand. She alleged that the injury contributed to her not being able to complete her requirements for graduation in a timely fashion. According to the plaintiff, the defendant's actions following her injury caused her to incur damages. The defendant denied the claims set forth in the revised complaint and subsequently filed a motion for summary judgment as to all counts. On August 31, 2004, the court granted the defendant's motion, and this appeal followed.

On appeal, the plaintiff argues that a genuine issue of material fact existed with respect to each count of her complaint, and, therefore, it was improper for the court to grant the defendant's motion for summary judgment. As a preliminary matter, we identify the legal principles and standard of review relevant to our discus-

sion. "Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Fuller* v. *The Day Publishing Co.*, 89 Conn. App. 237, 240, 872 A.2d 925, cert. denied, 275 Conn. 921, 883 A.2d 1244 (2005); *Burton* v. *American Lawyer Media, Inc.*, 83 Conn. App. 134, 137, 847 A.2d 1115, cert. denied, 270 Conn. 914, 853 A.2d 526 (2004). "Our review of the trial court's decision to grant the . . . motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Greenwich Hospital* v. *Gavin*, 265 Conn. 511, 519, 829 A.2d 810 (2003).

In the present case, the plaintiff filed an opposition to the motion for summary judgment, but she failed to submit an affidavit or any other documentary evidence supporting her opposition. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . *and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .* A material fact . . . [is] a fact which will make a difference in the result of the case. *. . . A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.*" (Citation omitted;

emphasis added; internal quotation marks omitted.) *Anderson* v. *Schoenhorn*, 89 Conn. App. 666, 670, 874 A.2d 798 (2005).

We have stated that "[t]*he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence. . . .* If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof. . . . *When a party files a motion for summary judgment and there* [are] *no contradictory affidavits, the court properly* [decides] *the motion by looking only to the sufficiency of the* [movant's] *affidavits and other proof.*" (Emphasis added.) *DeCorso* v. *Watchtower Bible & Tract Society of New York, Inc.*, 78 Conn. App. 865, 871, 829 A.2d 38, cert. denied, 266 Conn. 931, 837 A.2d 805 (2003); see also *Farrell* v. *Farrell*, 182 Conn. 34, 39, 438 A.2d 415 (1980) (party must substantiate adverse claim by specifically showing genuine issue of material fact together with evidence disclosing existence of such issue); *Barile* v. *LensCrafters, Inc.*, 74 Conn. App. 283, 285, 811 A.2d 743 (2002); *Inwood Condominium Assn.* v. *Winer*, 49 Conn. App. 694, 697, 716 A.2d 139 (1998). With the foregoing principles in mind, we now turn to the specifics of the plaintiff's appeal.

I

The plaintiff first claims that the court improperly rendered summary judgment with respect to counts one and two of her complaint. Specifically, the plaintiff argues that the defendant breached certain contractual promises to allow her to remain as a student as long as necessary to complete her degree and to provide reasonable accommodations following her injury. We agree with the court that the plaintiff failed to provide an evidentiary foundation to demonstrate the existence

of a genuine issue of material fact, namely, that the defendant ever made such specific contractual promises.

The court correctly characterized the plaintiff's relationship with the defendant as one pertaining to educational services. Our Supreme Court has cautioned: "Where the essence of the complaint is that [an educational institution] breached its agreement by failing to provide an effective education, the court is . . . asked to evaluate the course of instruction [and] called upon to review the soundness of the method of teaching that has been adopted by [that] educational institution. . . . This is a project that the judiciary is ill equipped to undertake." (Citation omitted; internal quotation marks omitted.) *Gupta* v. *New Britain General Hospital*, 239 Conn. 574, 590, 687 A.2d 111 (1996). Nevertheless, the court recognized two distinct situations in which claims for breach of an educational services contract should be entertained by the trial courts. "The first would be exemplified by a showing that the educational program failed in some fundamental respect, as by not offering any of the courses necessary to obtain certification in a particular field. . . . *The second would arise if the educational institution failed to fulfill a specific contractual promise distinct from any overall obligation to offer a reasonable program.*" (Citations omitted; emphasis added.) Id., 592–93; see also *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 42, 815 A.2d 140 (2003). Only the second situation is applicable in the present case.

In support of its motion for summary judgment, the defendant submitted an affidavit from Caroline G. Hendel, an associate general counsel for the defendant. She stated that the plaintiff was afforded a total of three years of extensions, thereby allowing five years for the completion of a two year program. She also stated that the defendant "never promised the plaintiff that she

could remain a student as long as necessary to complete her requirements." Finally, Hendel indicated that in addition to the significant extensions of time to complete her studies, the defendant also provided the plaintiff with more than 645 hours of typing assistance and the use of a laptop computer.

We agree with the court that in the absence of any evidence submitted by the plaintiff to demonstrate the existence of specific contractual promises and in light of the unchallenged facts set forth in Hendel's affidavit, the plaintiff failed to demonstrate a genuine issue of material fact. Specifically, the evidence provided to the court established that there were never any specific contractual promises made by the defendant. Accordingly, the court properly granted the defendant's motion for summary judgment with respect to counts one and two.

II

The plaintiff next claims that the court improperly rendered summary judgment in favor of the defendant with respect to count three of her complaint. Specifically, she argues that a genuine issue of material fact existed with respect to her claim that the defendant violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. We disagree.

In count three, the plaintiff alleged that she sustained a serious injury to her right hand while working as a graduate student employee in October, 1993. She stated that she was unable to use either a computer or a typewriter and required reasonable accommodations to continue her studies. She claimed that the defendant refused to provide her with such accommodations.

We have stated, with respect to the Rehabilitation Act of 1973, that "[t]o establish a violation of § 504 of the act, a plaintiff must prove (1) that he is an individual

with a disability under the act, (2) that he is otherwise qualified for the position sought, (3) that he is being excluded from the position solely by reason of his . . . disability, and (4) that the position exists as part of a program or activity receiving federal financial assistance. See *Doe* v. *New York University*, 666 F.2d 761, [774–75] (2d Cir. 1981)." (Internal quotation marks omitted.) *Gedney* v. *Board of Education*, 47 Conn. App. 297, 301, 703 A.2d 804 (1997), cert. denied, 243 Conn. 968, 707 A.2d 1268 (1998). The purpose of the act is to ensure that "[*n*]*o otherwise qualified* individual with a disability . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." (Emphasis in original; internal quotation marks omitted.) Id., 300–301. Finally, we note that the United States Court of Appeals for the Second Circuit has indicated that "[a]lthough no statutory provision or regulation speaks directly of reasonable accommodations under Title I of the Rehabilitation Act, the Supreme Court has ruled that eligibility for a federally assisted benefit cannot be defined in a way that effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled; to assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made. *Alexander* v. *Choate*, 469 U.S. 287, 301, 105 S. Ct. [712, 83 L. Ed. 2d 661] (1985)." (Internal quotation marks omitted.) *Doe* v. *Pfrommer*, 148 F.3d 73, 82–83 (2d Cir. 1998); see also *Powell* v. *National Board of Medical Examiners*, 364 F.3d 79, 85 (2d Cir. 2004).

The defendant submitted evidence that it granted the plaintiff an additional three years to complete her program, supplied her with a laptop computer and provided her with more than 645 hours of typing assistance. The plaintiff failed to offer any evidence that the defen-

dant had denied her reasonable accommodations or that she was denied the right to continue her education solely by reason of her handicap. Accordingly, we conclude that the court properly rendered summary judgment in favor of the defendant with respect to count three of the plaintiff's complaint.

### III

The plaintiff's final claim is that the court improperly rendered summary judgment in favor of the defendant with respect to count four of her complaint. Specifically, the plaintiff argues that the court improperly concluded that there was no genuine issue of material fact with respect to her claim of intentional infliction of emotional distress. We disagree.

"In determining whether a plaintiff may maintain an action for intentional infliction of emotional distress, the plaintiff must establish four elements. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury. . . . Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which

the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) *Heim* v. *California Federal Bank*, 78 Conn. App. 351, 364–65, 828 A.2d 129, cert. denied, 266 Conn. 911, 832 A.2d 70 (2003); see also *Berube* v. *Nagle*, 81 Conn. App. 681, 697–98, 841 A.2d 724 (2004).

As with the previous claims, the plaintiff's failure to contradict the evidence submitted with the defendant's motion for summary judgment is fatal to her appeal with respect to count four. The only evidence before the court was that the defendant provided the plaintiff with additional time and resources to complete her studies. Although the plaintiff alleged in her complaint that she was not given time or afforded "reasonable and appropriate alternative means and methods" to complete her course work, those allegations are not supported by any evidentiary foundation and, accordingly, they fail in light of the defendant's uncontradicted evidence. Therefore, we cannot conclude that reasonable minds could find the defendant's conduct toward the plaintiff extreme or outrageous. Accordingly, the court properly rendered summary judgment in favor of the defendant with respect to count four.

The judgment is affirmed.