******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK NATIONAL ASSOCIATION, TRUSTEE *v.*
# DALPHINE BENNETT ET AL.
## (AC 42128)

Alvord, Prescott and Flynn, Js.

*Syllabus*

The plaintiff bank, B Co., sought to foreclose a mortgage on certain real property owned by the defendant D, who filed special defenses and counterclaims, alleging, inter alia, vexatious litigation. Specifically, D alleged that a previous foreclosure action brought against D by B Co.'s predecessor in interest, which concerned the same property, was dismissed in 2009 for failure to establish probable cause with respect to the chain of custody of the loan, and that B Co.'s present action, without evidence of loan assignment documents demonstrating probable cause to bring the present action, constituted vexatious litigation, as the same counsel who brought the prior foreclosure action also commenced B Co.'s foreclosure action. The trial court granted B Co.'s motion for summary judgment as to liability only on the complaint and on D's counterclaims and, subsequently, rendered judgment of strict foreclosure. On appeal, D claimed, inter alia, that the trial court erred in concluding that her vexatious litigation counterclaim was barred by the statute of limitations (§ 52-577). *Held:*

1. The trial court properly rendered summary judgment as to D's vexatious litigation counterclaim, as such claims may not be brought until the underlying action that is the source of the alleged misconduct has concluded in the claimant's favor; contrary to D's claim that her counterclaim was centered on a combination of the dismissal of the 2009 foreclosure action and the commencement of the present action, D's vexatious counterclaim was based on conduct occurring in the present foreclosure action, and therefore, D's counterclaim was premature, as it could not be brought in the same action as that which D claimed was vexatious.

2. The trial court properly rendered summary judgment as to D's abuse of process counterclaim: although D alleged that genuine issues of material fact existed regarding the court's dismissal of the 2009 action for failure to establish a proper chain of custody, the record revealed that the 2009 action was dismissed for dormancy, the trial court properly determined that no genuine issues of material fact existed that the primary purpose of B Co.'s filing of the present action was to prosecute a foreclosure action and that B Co. was the owner of the note and the mortgage, and D failed to provide any evidence to demonstrate that a genuine issue of material fact existed as to whether B Co.'s primary purpose in filing the foreclosure action was to accomplish a purpose for which such an action was not designed; moreover, because abuse of process claims require that the underlying litigation has been completed and, in the present case, the counterclaim was raised in the action claimed to be an abuse of process, the trial court properly determined that D's abuse of process counterclaim was premature, as the foreclosure action was ongoing at the time the counterclaim was made.

3. D could not prevail on her claim that the trial court improperly relied on B Co.'s uncontested evidence of the debt without holding an evidentiary hearing, as the trial court was not required to hold a hearing where, as here, there was no genuine contest as to the amount of the debt owed; B Co. presented an affidavit of debt, a foreclosure worksheet and an oath of appraisers with its motion for judgment of strict foreclosure, D failed to file an objection nor referenced any evidence contesting the amount of the debt, and although D requested a hearing, the request lacked specificity in that it failed to state a basis for the objection, it was not based on an articulated legal reason or fact, and the court had already rendered summary judgment in favor of B Co. on D's special defenses and counterclaims at the time of the request for a hearing.

Argued September 16—officially released December 31, 2019

*Procedural History*

Action to foreclosure a mortgage on certain of real property of the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Hartford, where the defendant Money Market Mortgage, LLC, et al. were defaulted for failure to plead; thereafter, the named defendant filed counterclaims; subsequently, the court, *Dubay, J.*, granted the plaintiff's motion for summary judgment as to liability on the complaint and as to the counterclaims, and the named defendant appealed to this court; thereafter, this court granted, in part, the plaintiff's motion to dismiss the appeal; subsequently, the court, *Dubay, J.*, rendered a judgment of strict foreclosure, and the named defendant filed an amended appeal. *Affirmed.*

*Maria K. Tougas*, for the appellant (named defendant).

*Zachary Grendi*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant Dalphine Bennett[1] appeals from the entry of a judgment of strict foreclosure in favor of the plaintiff, U.S. Bank National Association as trustee, successor in interest to Bank of America, National Association, as trustee, successor by merger to LaSalle Bank, National Association, as trustee for Bear Stearns Asset Backed Securities Trust 2005-4, Asset-Backed Certificates, Series 2005-4. The defendant claims that the court improperly (1) granted the plaintiff's motion for summary judgment as to the defendant's counterclaims alleging (a) vexatious litigation and (b) abuse of process; and (2) failed to hold an immediate hearing in damages following the entry of summary judgment as to liability only, which violated Practice Book § 17-50. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claims on appeal. In January, 2016, the plaintiff commenced a foreclosure action against the defendant in which it alleged that a 2004 note was in default and that it sought to accelerate the balance due on the note, to declare the note to be due in full, and to foreclose on the mortgage securing the note. The defendant filed an answer, special defenses, and a two count counterclaim alleging vexatious litigation and abuse of process. The counterclaims centered on a previous 2009 foreclosure action brought by Bank of America on the same 2004 note against the same defendant.

The plaintiff filed a motion for summary judgment as to liability only on the foreclosure complaint and on the counterclaims. The defendant filed an objection in which she argued, inter alia, that genuine issues of material fact exist as to her counterclaims. The defendant attached to her motion a JDNO notice[2] from the 2009 foreclosure action, which indicated that a show cause hearing had been scheduled for March 18, 2013. At the hearing in the 2009 action, a transcript of which was also attached to the defendant's motion, the court had inquired as to the status of the case, and the plaintiff's counsel had indicated that he was waiting on documents from Bank of America. In the 2009 action, the court then ordered the matter dismissed. By an order dated March 18, 2013, in the 2009 action the court stated: "Any motions to open the judgment must state in the first paragraph that the matter needs to be referred to the presiding judge. Motions to open will only be considered by the court when the plaintiff moves for judgment."

In the present action, on September 7, 2018, the court granted the plaintiff's motion for summary judgment and entered judgment in favor of the plaintiff as to liability on the foreclosure complaint and against the

defendant on her counterclaims. On September 20, 2018, the defendant appealed from the court's decision granting the plaintiff's motion for summary judgement as to liability only. The plaintiff filed a motion to dismiss the appeal, arguing that the court's decision rendering summary judgment as to liability only on the foreclosure complaint was not a final judgment and that the claims on appeal from the judgment on the counterclaim were frivolous. This court ordered the motion "granted as to the portion of the appeal challenging the granting of summary judgment as to liability only on the complaint and denied as to any portion of the appeal challenging the granting of summary judgment on the defendant's counterclaim."

On December 10, 2018, the plaintiff filed a motion for a judgment of strict foreclosure. The defendant filed a "motion for stay/objection to motion for judgment of strict foreclosure" in which she requested a discretionary stay pursuant to Practice Book § 61-11 (f) to the extent that the pending appeal did not trigger the automatic stay provisions of Practice Book § 61-1 (a). The trial court denied the defendant's motion and rendered a judgment of strict foreclosure. The defendant, thereafter, amended her appeal, in which she challenged the judgment of strict foreclosure and summary judgment as to liability only.

I

The defendant first claims that the court improperly granted the plaintiff's motion for summary judgment as to her counterclaims. We disagree.

We set forth our well established standard for reviewing a grant of summary judgment. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the [plaintiff's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Hurley* v. *Heart Physicians, P.C.*, 278 Conn. 305, 314, 898 A.2d 777 (2006).

We now address in turn the defendant's arguments

regarding the counterclaims.

A

The defendant argues that the court erred in determining that her vexatious litigation counterclaim was barred by the statute of limitations, General Statutes § 52-577.[3] We are not persuaded.

"The cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages. . . . [T]o establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the [counterclaim] plaintiff's favor." (Citations omitted; internal quotation marks omitted.) *MacDermid, Inc.* v. *Leonetti*, 158 Conn. App. 176, 183, 118 A.3d 158 (2015).

In count one of the counterclaim in the present action, alleging vexatious litigation, the defendant alleged the following. During the 2009 foreclosure action, she presented a 2013 letter to the court from Bank of America, the plaintiff's predecessor in interest, demonstrating that Bank of America never held a mortgage on the property being foreclosed. The trial court in the 2009 action entered an order requesting Bank of America to "show cause" as to why it was entitled to proceed on the merits. The case was dismissed with prejudice, due to Bank of America's lack of ability to establish probable cause with respect to the chain of custody of the loan. The same counsel who had represented Bank of America in the 2009 action, brought the present foreclosure action in the name of U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association. In the present foreclosure action, the plaintiff did not attach to the operative complaint any loan assignment documents demonstrating probable cause to bring suit. The defendant alleged that the plaintiff's commencement of the present action, absent evidence of loan assignment documents demonstrating probable cause to bring the present action, constitutes vexatious litigation.

In its decision in the present action, granting the plaintiff's motion for summary judgment as to liability only, the court determined that the plaintiff had established that no genuine issues of material fact existed, that it was the owner of the note and mortgage, that the defendant had defaulted on the note, and that the conditions precedent to foreclosure had been satisfied. The court noted that "[t]he plaintiff is the holder of the note as the plaintiff is in physical possession of the note endorsed in blank. . . . The mortgage was assigned from Argent to Ameriquest, from Ameriquest to Mortgage Electronics Registration Systems, Inc. (MERS), and, prior to the commencement of the present action, from MERS to the plaintiff. . . . Upon the defendant's default for failure to make monthly payments, the plaintiff satisfied the conditions precedent

to the enforcement of the mortgage and note by providing the defendant with a notice of default."

In the present action, the court agreed with the plaintiff's argument that it was entitled to summary judgment on the defendant's vexatious litigation counterclaim because the counterclaim was either time barred to the extent it related to the 2009 action, or premature to the extent that it related to the present action. The court stated: "Inasmuch as the defendant's vexatious litigation counterclaim is based on the present action, there is no genuine issue of material fact that it is premature, as such a claim requires termination of suit in the claimant's favor. Inasmuch as the defendant bases this claim on the prior action, there is no genuine issue of material fact that it is time barred, as the prior action was dismissed on March 18, 2013, and the defendant brought the present counterclaim on December 5, 2017. Even assuming that the maintenance of the prior action served to toll the statute of limitations [§ 52-577] until its dismissal, the present counterclaim was not brought within three years of that date. Accordingly, the plaintiff is entitled to judgment as a matter of law on the defendant's vexatious litigation counterclaim."

On appeal, the defendant essentially argues that her vexatious litigation counterclaim is centered on a combination of the dismissal of the 2009 action and the commencement of the present action and, therefore, is neither premature nor time barred. She contends that the court misinterpreted the nature of her counterclaim, as reflected by "conflicting statements" in the court's decision in which it concluded that the vexatious litigation counterclaim is time barred to the extent that it was based on the prior 2009 action, and premature to the extent that it was based on the present action. She states that the counterclaim was based on the dismissal of the 2009 action followed by the "recommencement" of the present action. She argues that the dismissal of the 2009 action satisfies the "favorable termination" element of her vexatious litigation counterclaim. She further argues that the statute of limitations should not begin to run from the date of the favorable termination of the 2009 action because under those circumstances, the vexatious litigation claim would be ripe only after the commencement of the second case in spite of that termination. She contends that the trigger date for the statute of limitations should instead be the date of commencement of the second foreclosure action against the same defendant after the favorable termination of the first foreclosure action.

The defendant alleged in her counterclaim in the present action that counsel for the plaintiff "knew or should have known that it lacked the necessary evidence to establish probable cause in the 2009 case and its commencement of the [present] case despite this knowledge, constitutes vexatious litigation." Thus, it is clear

that the defendant alleged that conduct occurring in the commencement of the present action is vexatious. The defendant's interpretation of the orders in the 2009 action provide a basis for her allegations concerning the vexatious nature of the present action. Because the defendant alleged that the filing of the present action constituted part of the plaintiff's vexatious conduct, her counterclaim cannot be brought within the present action. "Vexatious litigation claims may not be brought until the underlying action that is the source of the alleged misconduct has concluded. [U]nder Connecticut law, a counterclaim alleging vexatious litigation may not be brought in the same action as that which the defendant claims is vexatious. . . . In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . This favorable termination requirement is an essential element of a vexatious litigation claim." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *MacDermid, Inc.* v. *Leonetti*, supra, 158 Conn. App. 183–84. The defendant's vexatious litigation counterclaim, therefore, is premature. As such, we need not discuss her statute of limitations argument and conclude that the court properly rendered summary judgment as to the vexatious litigation counterclaim.

B

The defendant next argues that the court improperly entered summary judgment on her abuse of process counterclaim. We disagree.

"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed . . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Mozzochi* v. *Beck*, 204 Conn. 490, 494, 529 A.2d 171 (1987).

In her abuse of process counterclaim, the defendant alleged that the continued prosecution of the present action by the same law firm that brought the 2009 action constituted an abuse of process because the present plaintiff and its counsel knew or should have known, based on the dismissal of the 2009 action, that it could not prevail on the merits of the present action, which was based on a subsequent assignment of the loan. In its memorandum of decision, the court concluded that

"the plaintiff's exhibits demonstrate that there is no genuine issue of material fact that it has filed this action with the primary purpose of prosecuting a foreclosure action. The exhibits submitted by the defendant in opposition to the plaintiff's motion for summary judgment fail to raise a genuine issue of material fact as to the plaintiff's primary purpose in prosecuting such action. Accordingly, the plaintiff is entitled to judgment as a matter of law on the defendant's abuse of process counterclaim."

The defendant argues that genuine issues of material fact exist regarding whether the court's dismissal of the 2009 action was for failure to establish a proper chain of custody; whether the assignment of the note and mortgage to the plaintiff following the dismissal of the 2009 action was done in an attempt to circumnavigate the court's order in the 2009 action that required the court's permission to proceed; and whether the plaintiff knew that the 2009 action was dismissed because Bank of America could not establish the chain of custody of the loan documents. We are not persuaded.

Contrary to the defendant's assertion that the 2009 action was dismissed on the merits, the record reveals that the 2009 action was dismissed for dormancy. The JDNO notice, which was attached as an exhibit to the defendant's memorandum of law in opposition to the plaintiff's motion for summary judgment, states that the 2009 action was dismissed at the March 18, 2013 hearing. The transcript of that hearing, which also was attached as an exhibit, reveals that the court in the 2009 action asked Bank of America's counsel: "The file reflects that there's been no pleading or action since July, 2011, counsel. Do you know why that is?" The plaintiff's counsel responded, "we are waiting on documents from our client." The court then dismissed the 2009 action.

Moreover, the court in the present action determined that no genuine issues of material fact existed that the primary purpose of the plaintiff's filing of the present action was to prosecute a foreclosure action, and that the plaintiff was the owner of the note and mortgage. The defendant submitted no evidence to the trial court that raised a genuine issue of material fact that the plaintiff's primary purpose in filing the foreclosure action was to accomplish a purpose for which such an action is not designed. The defendant's allegations in her counterclaim and her speculative arguments made on appeal do not suffice to show that the plaintiff used the present foreclosure action for a purpose for which such an action is not designed. "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [T]he existence of the genuine issue of material fact must be demonstrated by counteraffida-

vits and concrete evidence. . . . If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof. . . . When a party files a motion for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Little* v. *Yale University*, 92 Conn. App. 232, 234–35, 884 A.2d 427 (2005), cert. denied, 276 Conn. 936, 891 A.2d 1 (2006).

The court properly rendered summary judgment on the abuse of process counterclaim for the additional reason that the counterclaim is premature. "Although abuse of process claims do not include favorable termination as an essential element, the cause of action is still considered premature until the underlying litigation has been completed. . . . In *Larobina* [v. *McDonald*, 274 Conn. 394, 407–408, 876 A.2d 522 (2005)] . . . our Supreme Court concluded that an abuse of process claim was properly dismissed as premature when the underlying action was still pending. . . . In reaching this conclusion, the court stated: Although we do not suggest that success in the first action would be a prerequisite for an abuse of process claim . . . it is apparent that the eventual outcome of that action and the evidence presented by the parties therein would be relevant in litigating an abuse of process claim. . . . Moreover, allowing the [abuse of process] claim could . . . effectively chill the vigorous representation of clients by their attorneys." (Citation omitted; internal quotation marks omitted.) *MacDermid* v. *Leonetti*, supra, 158 Conn. App. 184–85. In the present case, the counterclaim was raised in the action claimed to be an abuse of process and, thus, the action was ongoing at the time the counterclaim was made. Therefore, as explained by *Larobina* v. *McDonald*, supra, 407–408, and *MacDermid* v. *Leonetti*, supra, 184–85, the abuse of process counterclaim is premature.

For the foregoing reason we conclude that the court properly rendered summary judgment on the defendant's abuse of process counterclaim.

## II

The defendant last claims that the court's entry of a judgment of strict foreclosure was improper because the court did not hold an immediate hearing in damages pursuant to Practice Book § 17-50, following the entry of summary judgment as to liability only. We disagree.

Following the court's entry of summary judgment as to liability, the plaintiff filed a motion for judgment of strict foreclosure. The defendant did not file an objection to the plaintiff's calculation of the debt, nor did she file any counter affidavits or other evidence as to

the amount of the debt. Instead, the defendant filed a "motion for stay/objection to motion for judgment of strict foreclosure." At the January 2, 2019 hearing on the motion for stay and the motion for judgment of strict foreclosure, the defendant's counsel stated, "we would like to contest the debt and have a hearing on same." The court inquired, "[a]nd did you file any kind of objection," to which question the defendant's counsel answered, "[y]es. Well, I filed . . . for today an objection and a motion for stay, which I was under the impression would be granted." The plaintiff's counsel suggested that the defendant was using delay tactics. The court noted that the case had been pending for three years and denied the defendant's request for a hearing on the amount of the debt.

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 186, 73 A.3d 742 (2015). "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

The defendant argues that the court erred in failing to hold an immediate hearing in damages, as required by Practice Book § 17-50, following the court's denial of the defendant's motion for a discretionary stay following the entry of summary judgment as to liability only. The defendant contends that the court was required to hold a hearing in damages even though the defendant had not filed additional documents contesting damages.[4]

Practice Book § 17-50 provides in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages." In relating the hearing requirement of Practice Book § 17-50 to the present case, we note a basic tenet of statutory construction that we are required to read Practice Book rules "together when

they relate to the same subject matter. . . . Accordingly . . . we look not only [to] the provision at issue, but also to the broader . . . scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *In re Jusstice W.*, 308 Conn. 652, 663, 65 A.3d 487 (2012).

Case law explains the relevant procedural framework as follows: "Where a foreclosure defendant's liability has been established by summary judgment, all that remains for the court to determine at the judgment hearing is the amount of the debt and the terms of the judgment." *GMAC Mortgage, LLC* v. *Ford*, supra, 144 Conn. App. 186. Practice Book § 23-18 (a) provides that in mortgage foreclosure cases "where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto." "A defense is that which is offered and alleged by a party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. . . . In a mortgage foreclosure action, a defense to the amount of the debt must be based on some articulated legal reason or fact. . . . The case law is clear that a defense challenging the amount of the debt must be actively made in order to prevent the application of § 23-18 (a). [A] mere claim of insufficient knowledge as to the correctness of the amount stated in the affidavit of debt is not a defense for purposes of [§ 23-18 (a)]. . . . It is axiomatic that such a defense may be raised by pleading a special defense attacking the amount of the debt claimed, but it may also be raised by objection, supported with evidence and arguments challenging the amount of the debt, upon the attempted introduction of the affidavit in court." (Citations omitted; internal quotation marks omitted.) *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 476, 486, 166 A.3d 670 (2017).

In the present case, the amount of the debt submitted by the plaintiff was uncontested. The plaintiff filed a motion for judgment of strict foreclosure, an affidavit of debt, a foreclosure worksheet, and an oath of appraisers. The defendant did not raise a defense or counterclaim regarding the amount of the mortgage debt. A defense or a counterclaim does not affect the applicability of Practice Book § 23-18 (a) unless it "actually challenges in some manner the amount of the debt alleged by the plaintiff." (Internal quotation marks omitted.) Id., 478. Additionally, at the time of the hearing on the motion for a judgment of strict foreclosure, the court had granted summary judgment in favor of the plaintiff as to the defendant's special defenses and counterclaims.

The defendant did not file an objection to the evidence of the debt that was submitted by the plaintiff in connection with its motion for a judgment of strict foreclosure. The defendant neither submitted nor referenced any evidence contesting the amount of the debt in advance of or at the January 2, 2019 hearing on the motion for a judgment of strict foreclosure. Although the defendant made a request for a hearing as to the debt, the request lacked specificity. The request did not indicate the basis for the objection to the debt, namely, whether the objection was squarely focused on the amount of the debt or focused on matters ancillary to the amount of the debt, such as whether the plaintiff is the holder of the note and mortgage, which is a matter of liability. Because the request for a hearing was not based on some articulated legal reason or fact, Practice Book § 23-18 (a) applies. See id., 486. Accordingly, the court was not required to hold a hearing as to damages, pursuant to Practice Book § 17-50, when no genuine contest as to the amount of the debt existed. "Where a defendant fails to raise a defense as to the amount of the debt, the plaintiff may prove the debt by way of an affidavit pursuant to Practice Book § 23-18." (Footnote omitted.) *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 694, 751 A.2d 394 (2000). In *GMAC Mortgage, LLC* v. *Ford*, supra, 144 Conn. App. 186–87, the trial court granted the mortgagee's motion for a judgment of strict foreclosure following its granting of the plaintiff's motion for summary judgment as to liability only. We held in *GMAC Mortgage* that the trial court did not abuse its discretion in declining to hold an evidentiary hearing as to the amount of debt when the mortgagor did not raise a challenge to the amount of the debt. Id. We conclude that the court's decision not to hold an evidentiary hearing as to the debt and, instead, to calculate the debt on the basis of the plaintiff's uncontested evidence of debt was not improper.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] The complaint also named as defendants, the city of Hartford; Mark S. Rosenblit, as executor of the estates of Ellen Rosenblit and Jack L. Rosenblit; Money Market Mortgage, LLC; Preferred Financial Services, LLC; Greater Hartford Police FCU also known as Greater Hartford Police Federal Credit Union; and Louise Hunter. The plaintiff filed motions for default against these defendants, which the court granted. We use the term defendant in this opinion to refer to Bennett only.

[2] "The designation 'JDNO' is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary." (Internal quotation marks omitted.) *McTiernan* v. *McTiernan*, 164 Conn. App. 805, 808 n.2, 138 A.3d 935 (2016).

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] The defendant also argues that the trial court abused its discretion by not staying the entry of the award of damages and costs in this case until the outcome of this appeal. We decline to review this claim because the

proper avenue through which to challenge the trial court's denial of her request for a stay is not on direct appeal, but rather by way of a motion for review. Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review." "Issues regarding a stay of execution cannot be raised on direct appeal." (Internal quotation marks omitted.) *Housing Authority* v. *Morales*, 67 Conn. App. 139, 140, 786 A.2d 1134 (2001).

———————————————